# Jones v. Pullen.

*Statutory Detinue for Steam Engine and Mill Machinery.*

1. *Verdict for plaintiff, not assessing value of property; when available on error.*—The failure of the jury to assess the value of the property sued for, on returning a verdict for the plaintiff, causes no injury to the defendant, and is not available on error at his instance, when, by the execution of the necessary bond after the defendant's failure to give bond (Code, §§ 2942–43), the plaintiff was in possession of the property sued for.

2. *Compromise; breach, and waiver thereof.*—When one party to a compromise is required to give his note for a specified sum to the other, and it is stipulated that his failure to pay it shall render the compromise inoperative, the stipulation is intended for the benefit of the party to whom the note is given, and may be waived by him; and if he elects to waive it, by suing to enforce the compromise, the defendant cannot set it up to defeat the action.

3. *Same; what title will support action.*—On a compromise of a controversy respecting the right to certain mill machinery, which defendant had bought from plaintiff, on credit, and which, after its partial destruction by fire, he had repaired and rebuilt at his own expense, a stipulation in a note given by him to plaintiff, that the title to the machinery "is to vest in said P." [plaintiff] "until said sum of money is paid," gives plaintiff the right of possession, on which he may maintain an action to recover the machinery.

4. *Charge referring legal question to jury.*—It is the duty of the court to construe a written instrument, when offered in evidence, and a charge referring its construction to the jury is erroneous; yet, if the construction should have been against the party excepting to the charge, it is error without injury.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by Robert M. Pullen, against Rufus S. Jones, to recover certain personal property, described as "one steam-engine, boiler and fixtures, one grist-mill and fixtures, one saw-mill and fixtures, one bolting-cloth and smutter attached to said mill, and one log-wagon," with damages for its detention; and was commenced on the 10th October, 1877. On the commencement of the suit, the plaintiff having made affidavit, and given bond as by law prescribed,

the sheriff was required to take the property into his possession; and the defendant having failed to give bond within five days, the property was delivered by the sheriff to the plaintiff, who executed the necessary bond.—Code, §§ 2942, 2943.  On the trial, it appeared that the plaintiff sold and delivered to the defendant, during the year 1872, a steam-engine and machinery for a mill, at the price of $1,800; for which amount defendant executed his two promissory notes, and also a deed of trust to one Sandlin as trustee, conveying the mill, machinery, and a tract of land, to secure the payment of the notes.  The mill was soon afterwards burned down, and the machinery almost totally destroyed; and it was rebuilt and repaired by the defendant, at his own expense. A controversy arose between the parties as to their respective rights to the mill and machinery as rebuilt and repaired, which was compromised, by the defendant agreeing to pay plaintiff $1,000, one half payable on the 25th December, 1875, and 1876, respectively; and he executed his two notes to plaintiff, each for $500, dated the 21st January, 1875, and payable as above stated; and each note purported on its face to be given "for steam, saw and grist-mill, the title to vest in said Pullen until said sum of money is paid, with interest." The facts in reference to these matters are thus stated in the bill of exceptions:

"On the trial of said cause, the plaintiff offered in evidence two instruments in writing in the words following," being the defendant's two notes, for $500 each, above mentioned.  "The defendant objected to the introduction of said notes, but his objection was overruled by the court, and he excepted. Thereupon, the plaintiff offered other evidence, tending to prove that he sold and delivered to said defendant, during the year 1872, a certain engine and machinery for running the same, and a saw-mill thereto attached, for about $1,800, for which he took defendant's notes; and some time afterwards, the defendant conveyed said steam-engine, mill and fixtures, with a certain tract of land, by mortgage, or deed of trust, to one John W. Sandlin as trustee, to be held in trust by him for the payment of said debt, but the personal property thus conveyed was left in the possession and control of said defendant." (The deed of trust is here set out, but it requires no special notice.) "Further evidence was offered, tending to show that, not long after the making of said deed of trust, the house and structure in which said engine, mill and machinery were placed, was burned down and destroyed by fire, except the saw, and was reduced to a mass of ruins, leaving said engine and machinery a mass of burned and ruined irons, incapable of any use without repairs, and not

worth more than $150; that the wreck was all that remained of the engine, apparatus and mill sold by plaintiff to defendant, and conveyed by said deed of trust to Sandlin; that defendant afterwards went to work, and refitted the engine and mill at his own expense, and put said engine and mills to going again, supplying the same with the necessary bands to drive the machinery, furnishing a Straub grist-mill, a smut-machine, bolt, and bolting-cloth, all at his own expense, and paid for the same with his own money, and put them up in his mill-house to be driven by the refitted engine; that plaintiff never furnished any of the machinery, irons and fixtures, necessary for refitting the engine after the fire, but said grist-mill, smut-machine, bolt and bolting-cloth, and all the bands and apparatus to drive said mill and machinery, were furnished by the defendant, and belong to him as his own property, and were bought with his own money, and were not the property of the plaintiff. The defendant offered, also, evidence tending to show that, from the time he bought said engine and mill from plaintiff, as before stated, he never sold the same back to plaintiff, and never sold the grist-mill, smut-machine, bolt and bolting-cloth, or any of the apparatus and fixtures supplied by him, as his own property, to said plaintiff, after said mill was burned as aforesaid.

"Evidence was offered, also, tending to show that, some time during the year 1875, plaintiff and defendant agreed upon a compromise of their controversy about the mill, engine, and apparatus then in the mill, which is the same property now sued for, when the plaintiff agreed that, if the defendant (or his wife) would pay off and remove certain incumbrances on the lot, consisting of 115 acres or thereabouts, on a part of which the mill and engine were situated, and would pay plaintiff $1,000, as shown by the said notes above set out, then, upon such removal of said incumbrance, and payment of said sum as specified in said notes, the said mortgage (or deed in trust to said Sandlin) was to be released, and all of plaintiff's claim on or to said engine, mills and machinery, and the property here sued for, was to be released to said defendant, or to his wife; but said releases were only to take effect in case said debt of $1,000, with interest thereon, was fully paid. Plaintiff proved, also, that if said $1,000, mentioned in said notes, was not paid, the compromise was to be void, to be held for naught, and of no effect. Said debt of $1,000 was never paid, nor any part thereof; and no part of said debt of $1,800, the original price of said engine and machinery, mentioned in said deed of trust to Sandlin, was ever paid. Defendant never paid plaintiff any money on said sale, or on said notes; and defendant had been put

[Jones v. Pullen.]

in possession by plaintiff, under said sale in 1872, and had never been put out of possession of said mill and machinery mentioned in said deed of trust, and sued for in this action, until he was put out of possession by the bringing of this suit.

"This was, in substance, all the evidence delivered and given to the jury on the trial of this cause; and on this evidence, the court charged the jury, of its own motion," as follows: 1. "To entitle the plaintiff to recover in this action, he must have either the legal title to the property sued for, or the immediate right to its possession." 2. "If the jury believe, from the evidence, that the defendant made a compromise of the debt and mortgage to secure it, which the plaintiff held against him, and by the compromise agreed to pay him $500, and, by an instrument in writing, vested the title to the property in the plaintiff until the $500 was paid; then, if the money has not been paid, and the time of payment has matured, the legal title is in the plaintiff, and he is entitled to recover." 3. "If the jury find for the plaintiff, they must ascertain from the evidence what property was vested in him by the instrument in writing, and in their verdict state what property they find to have been conveyed to him, and also the value of it, and the value of the use of it, from the time of the detention to this time." The defendant duly excepted to the second and third of these charges, and also to the following charge, which the court gave on the request of the jury for further instructions, "as to the legal effect of the writing purporting to be a note for $500, and vesting title to the property in the plaintiff until the money was paid," "that the legal effect of that instrument was to vest the legal title to the property mentioned therein in the plaintiff, and entitled him to recover, if the money had not been paid."

The jury returned a verdict for the plaintiff, for each of the articles sued for, but did not assess their alternate value, and judgment was thereon rendered for the plaintiff.

The several rulings of the court to which exceptions were reserved, as above stated, the verdict and judgment thereon, are now assigned as error.

THOS. M. PETERS, and W. P. CHITWOOD, for appellant.

C. C. HARRIS, and J. S. CLARK, contra.

STONE, J.—The present suit is a statutory action for the recovery of chattels in specie.—Code of 1876, § 2942. The plaintiff made the necessary oath, and the sheriff took pos-

session of the property under the writ. The defendant neglecting or failing to give bond for the delivery of the property, if cast in the suit, the plaintiff gave bond, under section 2943 of the Code, and received the possession of the property sued for. The plaintiff was, therefore, in possession of the property when the cause was tried; and, succeeding in the action, there could be no reason for assessing its value, either separately or in gross. It could have accomplished no result whatever, and the defendant was in no sense injured by the failure.—*Miller v. Jones*, 29 Ala. 174 ; *Rambo v. Wyatt*, 32 Ala. 363 ; *Lucas v. Daniels*, 34 Ala. 188 ; *Rose v. Pearson*, 41 Ala. 687.

2. The term of the agreement of compromise, that it (the compromise) should be of none effect, if Jones failed to pay the notes, was a stipulation for the benefit of Pullen, which he alone could assert. Failing to assert it, Jones could not, by his own breach of promise, claim that the contract was annulled. By asserting a right of action under the substituted contract, Pullen elected to be bound by it.—*Stone v. Gover*, 1 Ala. 287 ; *Bass v. Gilleland*, 5 Ala. 761 ; *Barbour v. Brookie*, 3 J. J. Marsh. 512.

3. There is nothing in the objection, that plaintiff fails to show a right to maintain the present suit. "The title to vest in said Pullen, until said sum of money is paid," is the language of the notes executed by Jones. This gave him the right to the possession, and will support the present action.—*Martin v. Reed*, 11 Com. Bench, N. S. 730; *Langton v. Waring*, 18 Com. B., N. S. 315 ; *Tucker v. Wilson*, 1 P. W. 261 ; *Roper v. Lane*, 11 Allen, 571.

4. The third charge given is objectionable in form, but it did no injury. The court ought to have construed the recital in the notes, as giving to plaintiff the right to maintain this suit, if the notes were not paid.—*Taylor v. Kelly*, 31 Ala. 59 ; *Price v. Mazange, Ib.* 701.

Affirmed.