# Shines *v.* Steiner.

*Action for Damages, by Seller against Purchaser of Cotton.*

1. *Sale of goods for cash; payment and delivery.*—When goods are sold for cash on delivery, payment and delivery are concurrent acts; the title does not pass on delivery without payment, unless it is accompanied with circumstances showing a waiver thereof, and the seller may recover the goods so delivered.

2. *Same; remedy of seller, whether case or assumpsit.*—On a sale of cotton for cash on delivery, the seller carrying it to a warehouse for storage, and taking a warehouse receipt in the name of the purchaser, with the understanding that, on the return of the receipt, by which the value at the agreed price could be ascertained, the money would be at once paid; the refusal of the purchaser to pay prevents the consummation of the contract, and the seller may reclaim the cotton; and if he elects to reclaim it, or brings an action for damages founded on the fraud, he can not maintain an action *ex contractu* for the agreed price.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by Emanuel Shines, against Victor Steiner and M. Steiner. The complaint contained a single count, in these words : " The plaintiff claims of the defendants one thousand dollars as damages, for this : that said plaintiff was, on, to-wit, the 15th December, 1883, in the city of Montgomery, in possession and the owner of one bale of lint cotton," the weight, quality and value of which were specified ; "and said defendants then and there contrived and undertook to cheat and defraud plaintiff of his said bale of cotton, and, to that end and purpose, offered to him a certain price in cash per pound for said cotton, which plaintiff agreed to accept ; and thereupon said defendants directed plaintiff to take said cotton to a certain warehouse for the storage of cotton, known as the ' Central Warehouse ' in the city of Montgomery, and there to store said cotton in the name of said defendants, and bring to them the receipt for said cotton, showing the weight of said bale, as is usually and customarily done on the purchase of cotton upon wagons for cash in said city, as plaintiff's said cotton then was ; and that defendants would then calculate the value of said bale of cotton, and pay the same to plaintiff ; all of which said plaintiff did, and delivered said receipt to defendants, in order to complete said settlement for said cotton. But said defend-

[Shines v. Steiner.]

ants, having thus obtained possession of said cotton, still carrying out their design to cheat and defraud plaintiff, caused said cotton to be at once removed from said warehouse, and stored in some other place unknown to plaintiff, and refused to pay him for his said cotton, or to return said cotton to him.   To plaintiff's damage one thousand dollars, wherefore he sues." The defendants demurred to the complaint, " because it is in form an action on the case, and the facts stated show that the action should be assumpsit."    The court sustained the demurrer, and its judgment is now assigned as error.

Gunter & Blakey, for appellant.

R. M. Williamson, contra.

CLOPTON, J.—The sole cause of demurrer assigned is, that the complaint is in form an action on the case, and the facts averred show that the form of action should be assumpsit.

Where there is a sale of goods, to be paid for by cash on delivery, payment and delivery are concurrent acts.   In such case, payment is a condition precedent to passing title to the vendee.   If delivery is made without demanding payment, or under circumstances showing no expectation of immediate payment, the condition is waived, and the title passes; but, if the goods are put into the possession of the buyer, on the understanding or agreement that he will pay for them immediately, and he fails or refuses to do so, the seller may recover the goods.—1 Ben. on Sales, §§ 335, 356.

The averments of the complaint show, that by the contract of sale, the cotton was to be paid for on delivery.   Storing it in the warehouse, and taking the receipt in the name of the defendants, were done on the understanding and expectation, that on the return of the receipt, by which the value of the cotton could be ascertained, the price would be then paid.   The defendants refused to pay for the cotton, and converted it to their own use.   The sale was executory and conditional, and, by the refusal of the defendants to pay, was never consummated.   On the facts set forth in the complaint, which the demurrer admits so far as well pleaded, the plaintiff had the right to reclaim the cotton.   The plaintiff, having elected to reclaim the cotton, can not maintain assumpsit for the price agreed to be paid.

The demurrer was improperly sustained.   The sufficiency of the complaint is not raised by the record, and is not considered.

Reversed and remanded.