# Harmon *v.* Goetter, Weil & Co.

*Statutory Detinue by Seller against Sub-Purchaser of Goods.*

1. *Sale of goods; when title passes.*—A sale of goods, on the condition that the price is to be paid on receipt of an invoice, is a sale for cash; and no title passes to the purchaser until the price is paid.

2. *Evidence as to delivery and reception of invoice.*—Where the seller seeks to recover the goods from a sub-purchaser, the price being payable on delivery of an invoice, it is competent for the plaintiff to prove the sending and the reception of the invoice, as showing performance on his part, and that the purchase-money was due.

3. *Evidence as to value of goods.*—The goods sued for by the seller, the price never having been paid (as stipulated) on delivery of an invoice, being part of a stock of goods afterwards sold by the purchaser to the defendant, the validity of that sale is not involved in the issue; and evidence as to the value of the stock of goods, or offers to sell them, which might be admissible if the sale were attacked for fraud, is not relevant or competent.

4. *Evidence tending to prove possession; admission implied from silence.* Where the defendant in detinue denies his possession of the goods sued for, alleging that they were in the possession of the sheriff at the commencement of the suit, the plaintiff may prove, by a witness who was present, that the sheriff said, in the presence of the defendant, that he had not then made a levy under the other writs, and that the defendant said nothing.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Goetter, Weil & Co., suing as partners, againt John F. Harmon, to recover certain goods which plaintiffs had sold to Harmon Brothers, with damages for their detention; and was commenced on the 7th January, 1887. The transcript contains what purports to be a bill of exceptions, but it is not signed by the presiding judge, and the record shows no agreement or admission supplying the defect. It is shown by this bill that one of the plaintiffs testified, on the trial, that the goods sued for were sold by plaintiffs to Harmon Brothers on the 28th December, 1886; that they "refused to sell on time, and said they must have cash; that it was then agreed that they would ship the goods, and that Harmon Brothers would remit the price on receipt of the invoice, which was to be sent by mail; and that said goods were shipped the same day." The witness testified, also, that the invoice was forwarded by mail on the same day, and that he afterwards saw it in the possession of said Harmon Brothers; and this evidence was admitted by the court, against the objection and exception of the defendant.

Goldman, a witness for plaintiffs, "testified, that he was present when the sheriff took possession of the goods sued for; that he went to the sheriff, who told him that he had not levied on these goods, the defendant being present at the time, and making no reply, and the sheriff having the attachment writ. The defendant moved to exclude said declarations of the sheriff, and excepted to the overruling of his motion." Said Goldman testified, also, "that he went with the sheriff to the store where the goods were; that two persons were inside of the store, with the defendant, one of whom unlocked the door; that he demanded the goods of the defendant, who replied, that they were in the possession of the sheriff," and, after consultation with his attorney, declined to point them out. The testimony of the defendant tended to show that, at the time the suit was commenced, certain creditors of Harmon Brothers had sued out attachments against them, the sheriff had taken possession of said goods, and had the keys of the store in which they were, and was proceeding to take an inventory of said goods for the purpose of levying on such portions thereof as might be necessary to satisfy said attachments; that he replied to Goldman's demand for the goods, that they were in the possession of the

sheriff, and to his request to point out the goods, that he had been advised by his attorney not to do so."

The defendant claimed the goods under a purchase from Harmon Brothers, on the 2d or 3d January, 1887, of their entire stock of goods, in payment of an antecedent indebtedness of about $5,000; and he adduced testimony tending to show that the goods sued for, with the rest of the stock, was delivered to him immediately after his purchase; "that he knew nothing of the time and manner of the purchase of said goods;" and that the value of the entire stock of goods, at first cost, was about $4,500. "Defendant proposed to testify, in his own behalf, that when he bought said stock of goods, he offered them for sale to the merchants of Union Springs, before any attachments were sued out against Harmon Brothers, or there had been any interference with them in any way, and that he could not get an offer of more than 65 cents on the dollar of first cost." The court excluded this evidence, on objection by the plaintiffs, and the defendant excepted.

These rulings on the evidence, with other matters, are now assigned as error.

GARDNER & WILEY, for appellant.

FLEMING LAW, contra.

STONE, C. J.—This action counts in detinue; being brought by the appellees against the appellant, for the recovery in specie of certain described articles of merchandise.

1. The goods were sold to the vendors of the defendant by the plaintiffs, upon the condition that the price therefor was to be paid upon the receipt of an invoice of the goods. This rendered the transaction between the plaintiffs in this action and the sellers of the defendant, a sale for cash. Until the fulfillment of the condition—the payment of the price of the goods—the sale was not completed, and the title to the goods remained in the plaintiffs. The payment of the purchase-money was a condition precedent to a consummation of the trade; and until such payment, the title to the goods never passed out of the seller, and no right of possession accrued to the buyer. Harmon Brothers, the vendees of the plaintiffs and the vendors of the defendant, totally failed to comply with the condition of the sale.

[Woodward Iron Co. v. Cabaniss.]

Hence the title to the goods, and the right of possession, never passed out of the plaintiffs, which gave them a right of action for the recovery of the goods.—*Sumner v. Woods*, 67 Ala. 139; *Holman v. Lock*, 51 Ala. 281; *McCall v. Powell*, 64 Ala. 254; *Jones v. Pullen*, 66 Ala. 306; *Fairbanks v. Eureka Co.*, 67 Ala. 109; *Shines v. Steiner*, 76 Ala. 258; 1 Benj. on Sales, § 425.

2. There was no error in the admission of evidence relating to the sending and receiving of the invoice. As the receipt of the invoice was the time when the purchase-price fell due, it was competent to prove the sending and the reception of the invoice, in order to show that the sellers had performed their part of the contract, and that the purchase-money was due.

3. The evidence of the defendant, tending to show his attempt to sell the goods to other merchants in Union Springs, and that he was only offered a certain price for them, was irrelevant to the issues involved, and therefore incompetent. The sale of the goods from Harmon Brothers to J. F. Harmon, the defendant, was not attacked for fraud. The *bona fides* of the transfer to the defendant not being assailed, this evidence was wholly irrelevant.—1 Greenl. Ev. (14th Ed.), § 49, note.

4. The testimony of the witness Goldman, as to the declaration of the sheriff, was competent evidence, as tending to prove an admission, implied from silence, on the part of the defendant, that the goods were still in his possession. The defendant's motion to exclude this evidence from the jury was properly overruled.

There was no error in the court giving and refusing the charges set out in the record.

The judgment is affirmed.