# Barnhill *et al.* v. Howard.

*Statutory Action of Detinue.*

1. *Contract; when its construction a question for the court.*—Where there is no conflict in the evidence as to what is the contract involved in suit, and its terms and conditions are all certain, its construction

[Barnhill *et el.* v. Howard.]

is then a question of law for the court to determine, and not for the jury.

2. *Sale of personal property; verbal mortgage.*—Under the provisions of the statute (Code, § 1731), there can not be a verbal mortgage of personal property; and after personal property is delivered to the purchaser under an executed parol contract of sale, the title of the purchaser can not be affected by a provision in the contract that the property "should stand good for themselves [oxen] until they were paid for;" such agreement being an attempt to create a verbal mortgage on the personal property sold to secure the debt contracted for its purchase price, and, therefore, void under the statute.

3. *Detinue; maintained by vendee against vendor.*—Where personal property is delivered to the purchaser under an executed parol contract of sale, an agreement in such contract that the property sold should stand good for itself until paid for, does not give the vendor the right to take the property from the purchaser upon his failure to pay the purchase price therefor, such agreement being void under the statute (Code, § 1731); and for such unlawful taking by the vendor, the purchaser can maintain an action of detinue for its recovery against him.

4. *Sale of personal property; collateral agreement for employment of vendor.*—Where, on the sale of oxen, a collateral agreement that one of the vendors should be hired by the purchaser "to drive the team, and have possession of them until they were paid for, and was to drive them as long thereafter as they could agree," does not show that the title to and possession of the oxen were retained in the vendors until paid for; but it will be construed to mean that the possession by such one of the vendors, so provided for, was only as a driver, in the employment of the purchaser after the delivery to him of the oxen.

5. *Detinue; failure of judgment to assess value of the property in verdict for plaintiff.*—Where in a statutory action of detinue the defendant fails to give the bond allowed by statute to retain possession of the property sued for, and upon the plaintiff giving the statutory replevy bond, said property is delivered to him, the failure of the jury, in rendering a verdict for plaintiff, and of the judgment announced thereon to assess the value of the property recovered is not error of which the defendant can complain.

6. *Same; evidence of prior mortgage irrelevant; error without injury.* In a statutory action of detinue by a purchaser against his vendor to recover the property sold which had been wrongfully taken by defendant for plaintiff's failure to pay the purchase price, evidence that there was a mortgage on the property at the time of its sale is irrelevant to any issue in the case; but where the other evidence in the case justifies the giving of the general affirmative charge in favor of the plaintiff, the admission of such irrelevant evidence is error without injury.

7. *Judgment for plaintiff in detinue; error without injury.*—Where from a judgment in an action of detinue in a justice of peace court,

the plaintiff appeals to the circuit court upon giving a proper appeal bond, and in the circuit court, the plaintiff, who is in possession of the property sued for, recovers judgment, the judgment is effective only for costs against the defendant, and an order in the judgment rendered that execution should issue therefor "against defendants and their sureties on their appeal bond," is an inadvertent mistake, without effect or prejudice.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of detinue, brought by the appellee, H. H. Howard, against the appellants, Osborn Barnhill, E. Barnhill and Owen Barnhill, for the recovery of two yoke of oxen ; and was originally commenced before a justice of the peace. The sheriff took possession of the property sued for under the writ of seizure, and upon the defendants failing to give a detinue bond within the time prescribed by statute, the plaintiff executed a replevy bond, and the property was delivered to him by the sheriff. In the justice's court judgment was rendered in favor of the defendants, and the plaintiff appealed to the circuit court, executing a proper appeal bond.

The evidence showed, without conflict, that the plaintiff purchased the oxen sued for from the defendants, and under the contract of purchase, he was to pay $125, in weekly instalments of $25, commencing the week after the trade was made. This contract of sale was oral, and one of the terms of the sale was, "that the oxen should stand good for themselves until they were paid for." On the day of sale the plaintiff made a payment, and afterwards paid the whole of the purchase price except about $25. The oxen were delivered to the plaintiff by the defendants on the day of sale, and he testified "that the defendants, without his knowledge or consent, went to his mill and slipped them off during his absence."

The testimony for the defendants tended to show that when the contract of sale was made, it was agreed that Ellis Barnhill was to be hired by the plaintiff "to drive the team of oxen, and have possession and control of them until they were paid for ; and was to drive them as long thereafter as they could agree after payment ;" and that the said Ellis Barnhill did drive the team after the trade for a week, when he quit the service of the plaintiff.

[Barnhill *et al.* v. Howard.]

Upon the examination of the plaintiff as a witness, he was asked by his counsel the following question : "Did the defendants, when the trade was to be made, tell you about a mortgage being on the oxen, during the conversation in which the trade was made?" The defendants objected to this question, on the ground that it was illegal and not pertinent to any issue in the cause. The court overruled the objection, and the defendants duly excepted. The witness answered that the defendants told him there was no mortgage on the oxen. The defendants moved to exclude this answer, and duly excepted to the court's overruling their motion. The plaintiff also testified, against the objection and exception of the defendants, that after the trade he found out that there were mortgages upon the oxen, which had been given by the defendants.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave the general affirmative charge in his behalf, and to the giving of this charge the defendants duly excepted.

The judgment entry in this case is as follows : "On this 3d May, '94, came the parties by attorney, and issue being joined on the plea of *non detinet*, there came a jury of good and lawful men to-wit : J. E. C. Patterson, foreman, and eleven others, who, being duly sworn, on their oaths say : 'We the jury find for the plaintiff for the property sued for, one yoke of oxen, and one yoke of steers, one black and one red.' It is therefore considered by the court that the plaintiff recover of the defendants and their sureties on their appeal bond the above property, (plaintiff has the property in his possession), and also the costs for which let execution [issue] against defendants and their sureties on their appeal bond."

The defendants appeal, and assign as error the rulings of the court upon the evidence, the giving of the general affirmative charge for the plaintiff, and the judgment rendered.

HUBBARD, WILKERSON & HUBBARD, for appellants. The general affirmative charge should not have been given. To maintain an action of detinue the plaintiff must have the right to the immediate possession of the property sued for. Having the title only is not enough. *Reese v. Harris*, 27 Ala. 301; *Pollard v. Maddox*, 28 Ala.

[Barnhill *et al* v. Howard.]

321; *Bryant v. Bryant*, 35 Ala. 315 ; *McPherson v. Harris*, 59 Ala. 620 ; 1 Brick. Dig., 335, § 1; 21 Amer. & Eng. Encyc. of Law, 629.

PARKS, HARMON & GAMBLE, *contra.*—The affirmative charge was properly given. There is no conflict in the testimony, and it was a question of law for the court to construe the contract and say whether it was an absolute or a conditional sale, by the terms of which the defendants retained the legal title to the property sued for; and the interpretation of this contract is the only question in the case. It is well settled in this State, that a vendor of personal property may retain the title in himself until it is paid for, but in order to do this, it must clearly appear from the terms of the sale or contract that the title was reserved in the vendor, and that no title was to pass to the vendee until the purchase price has been fully paid. It is perfectly clear, under the evidence, that the parties all intended and contemplated that Howard should become and did become indebted to the Barnhills in the sum of one hundred and twenty-five dollars as soon as the trade was consummated, and that the title to the property passed to Howard.—*Pilgreen v. State,* 71 Ala. 368; *Bardwell v. Roberts*, 66 Barb. 433 ; *Jones v. Anderson*, 76 Ala. 427 ; *Jackson, Morris & Co. v. Rutherford*, 73 Ala. 155 ; *Donald & Co. v. Hewitt*, 33 Ala. 534.

HARALSON, J.—1. There was no conflict in the evidence as to what the contract between the plaintiff and the defendants was. Its terms and conditions were all certain. Its construction was, therefore, a question for the court and not for the jury to determine.—*Jones v. Pullen*, 66 Ala. 306 ; *Guilmartin v. Wood*, 76 Ala. 209 ; *Foley v. Felrath*, 98 Ala. 176, 181.

2. By the terms of the contract, the property purchased was identified, and its price and the terms of payment were agreed upon—nothing remaining to be done in these respects. The property was delivered by the vendors into the hands of the vendee, and the contract of sale becoming executed, the title vested in him. If the animals had died, or in any manner been lost or destroyed, before they were fully paid for, the plaintiff would not, thereby have been released from what he

[Barnhill *et al.* v. Howard.]

owed for them; the loss would have fallen on him.—*Foley v. Felrath*, 98 Ala. 176, and authorities there cited.

3. According to the terms of the sale, it was agreed, "that the oxen should stand good for themselves until they were paid for." This was an attempt to create a verbal mortgage on personal property to secure a debt contracted for its purchase price, the title having vested in the purchaser. It was void under the present statute, and could not defeat an action of detinue for the property of the vendee, when it was unlawfully taken from his possession by the vendor.—Code, § 1731; *Jackson, Morris & Co. v. Rutherford*, 73 Ala. 155; *Jones v. Anderson*, 76 Ala. 427.

The fact that it was agreed, when the trade was made, that Ellis Barnhill, one of the defendants, should be hired by plaintiff, "to drive the team and have possession and control of them until they were paid for, and was to drive them as long thereafter as they could agree," and that plaintiff was to pay him a dollar a day for driving, is not to be taken as meaning that the property had not been delivered to plaintiff, but its possession and title were retained in defendants until paid for, but rather, that Ellis was to have possession and control of them as driver. He was driving them in the employment of plaintiff, at the time they were sold, and continued in this service afterwards under this agreement, until he voluntarily left the plaintiff's service, leaving the oxen in his possession. The object of the stipulation was, evidently, to secure Ellis a continuation of service in the capacity of driver. The evidence showed, that all the defendants, after the trade, "worked for plaintiff, at so much per day, hauling with the oxen," and establishes, beyond controversy, the possession by plaintiff of the oxen after his purchase of them.

4. The failure of the jury in rendering a verdict for plaintiff, to assess the value of the property, is not available to the defendants on errors assigned, since the plaintiff was in possession of the property sued for, under the necessary statutory bond, the defendant, having failed to give bond and take possession of it.—*Jones v. Pullen*, 66 Ala. 306; *Dykes v. Clarke*, 98 Ala. 657.

5. The evidence touching the mortgage on the property, at the date of its purchase, was irrelevant to any issue in the case, but it was harmless. The general

charge for the plaintiff was as proper without as with it.

6.  The judgment as rendered, is effective only for costs against the defendants.  The order, that execution might issue therefor against defendants and their ''sureties on their appeal bond,'' is without force, since there are no sureties on an appeal bond of defendants.  It was plaintiff who appealed.  This was an inadvertent mistake, and is without prejudice to any one.

Affirmed.