[Austill v. Hieronymus Bros.]

# Austill v. Hieronymus Bros.

*Statutory Action of Detinue.*

1. *Detinue; when title to timber not invested in plaintiffs; tender.*—In an action of detinue brought for the recovery of certain described timber, the following facts were shown: Plaintiffs knew that B., with whom they contracted to obtain the timber involved in the suit, was to cut it off of defendant's land by an agreement entered into between the defendant and B. In this agreement B. agreed with the defendant that the timber should not be removed from the land until the stumpage and such advances as may have been made by the defendant to B. were paid. The evidence was conflicting as to whether the defendant had waived his right for advances which he had made to B. Upon the delivery of the timber by B. to the plaintiffs, they tendered to the defendant only the amount due as stumpage for the timber which had been cut by B. from the defendant's land. *Held:* That the tender of the amount due for the stumpage, without including the amount due for advances made to B. by the defendant, did not invest the title and ownership to the timber in the plaintiffs.

2. *Lien for stumpage and advances; waiver thereof; right of possession.* Mere knowledge on the part of one who had acquired a lien on certain timber for stumpage and advances made to one who had contracted to supply the timber to a certain third party, that the timber had been delivered by the contractor to such third party, does not, of itself, defeat the former's legal right to its possession.

3. *Same; right of owner thereunder.*—The statute (Code of 1896, §§ 2780-2783), giving the owner of land from which timber is cut a lien upon the timber, and providing for the enforcement of such lien, entitles the owner, in the absence of any other agreement, to enforce his lien for the whole debt due for stumpage gotten under the contract; and so long as any amount due for stumpage remains unpaid, the lien may be enforced upon all timber remaining in his possession.

APPEAL from the City Court of Mobile.

Heard before the Hon. O. J. SEMMES.

This was a statutory action of detinue brought by the appellees against the appellant. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court in its oral charge instructed the jury, among other things,

[Austill v. Hieronymus Bros.]

as follows : "Well, gentlemen of the jury, if you should believe from the evidence that Baird made a contract with Austill to get certain logs, and Austill was to retain possession of the logs until the stumpage was paid, and should further find that Austill made an agreement with Baird that he was to advance Baird certain moneys or provisions in getting out the logs, and the logs were to remain in his possession, and the logs were wrongfully taken out of his possession, then the plaintiff in this case would not be entitled to recover; but gentlemen of the jury, if that contract was made with Baird, and Baird, with the knowledge or consent of Austill turned these logs over to Austin, if you find Austin was the agent of Hieronymus, the plaintiffs in this case, then gentlemen of the jury he would have the right to recover, provided Hieronymus offered to pay the stumpage which is a lien within itself and is now ready and willing to pay the same." The defendant separately excepted to the giving of this portion of the court's general charge : and also separately excepted to the court's giving at the request of the plaintiffs, the following written charge : (1.) "The court charges the jury that if they believe from the evidence that the witness Baird got out the piling in suit and, with the knowledge of the defendant, delivered them, at the place agreed on to the witness Hiram Austin as agent for plaintiffs, and that plaintiffs had already partially paid Baird for the piling, and that plaintiffs offered to pay defendant the stumpage due upon the piling, but that the defendant refused to take the stumpage, and took possession of the logs and kept them until this suit was brought, the jury ought to find a verdict for the plaintiffs."

The defendant asked the court to give the following written charges, among others, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe from the evidence that the logs sued for were in the possession of the defendant who was asserting his right to hold such possession until the stumpage and certain advances made by him were paid ; and if they find that the defendant had made advances to enable Baird to get out the timber, then defendant was entitled to hold such possession until such stumpage and advances were paid, and if they find that plaintiff had not paid such stumpage and advances at

the time of the commencement of this suit, then they must find for the defendant." (5.) "The court charges the jury that if they believe from the evidence that the poles sued for were cut from lands in the possession of the defendant by J. W. Baird, under an agreement that defendant was to make certain advances to Baird and was to hold and keep possession of such poles till his stumpage and such advances were paid, and if they further believe from the evidence that at the time they were inspected by plaintiffs' agent Austin, that they were then in the possession of the defendant, and that Austin was notified by defendant while he was inspecting said poles of such arrangement, and that defendant insisted on its performance, and that such poles were not removed when inspected but were left where inspected, then the giving by Austin to Baird of a receipt for the poles inspected by him, would not be such a delivery of the poles as would take them out of the possession of the defendant; and if they further believe from the evidence that all the stumpage due defendant has not been paid or tendered, and that the advances have not been paid, then they must find for the defendant."

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

H. AUSTILL and R. T. ERVIN, for appellant.

GREGORY L. and H. T. SMITH, contra.

COLEMAN, J.—The suit was in detinue by the appellees, to-recover "one hundred and fifty-three peeled pine piling, fifty feet long each, gotten out by James W. Baird for the plaintiffs." There is no question of the fact that James W. Baird, for a consideration, agreed with the plaintiffs to get for them the pilings. It is equally clear that Baird contracted with the defendant to get the piling from land then in his possession, and for some purposes, subject to his control. The plaintiffs knew that Baird was to get the piling from these lands, by agreement with the defendant, and defendant knew that Baird was to get them for plaintiffs. The agreements, however, between the plaintiffs and Baird, and

between the defendant, were entirely independent of each other. Whatever of title Baird acquired to the piling, he acquired by virtue of his agreement with the defendant, Austill. The statute (Acts of 1894-95, pp. 250-251; Code of 1896, §§ 2780-2783) gives the owner of land from which timber is gotten, a lien upon the timber, commonly called stumpage, and provides for the enforcement of the lien. There were no proceedings taken to enforce the lien given by statute, and according to our view of the evidence, this statute exerts very little, if any influence in the case.

There was evidence tending to show, that by the terms of the agreement between the defendant, Austill, and Baird, the piling was not to be removed from the land, nor was Austill to part with his possession of the timber, until he had been paid twenty cents each for the piling as stumpage, and for all advances made by him to Baird, to enable him to get the piling ready for delivery. Baird got out the piling in controversy, hauled it to the river, convenient for rafting to the mills of defendant. The plaintiffs' contention is, that they had the timber inspected, and that Baird made a delivery of it to them, or to an agent for them, before the timber was put in raft, and that upon a tender of the stumpage, their title and ownership became perfect. Conceding the fact as to a delivery by Baird to be as claimed, and, also, the tender of stumpage, we can not see how these acts would invest the plaintiffs with a title and right which Baird himself could not have acquired and held if his contract of purchase of the timber was upon the terms and conditions, that the timber was not to be removed from the land, and Austill was not to part with possession of the timber, until he was paid both stumpage and advances. As stated, the plaintiffs knew that Baird was to purchase the timber from Austill, and there was evidence tending to show that defendant claimed both stumpage and advances under his agreement sale. There may be evidence tending to show that defendant Austill waived his right for advances, but there is evidence to the contrary.

We are of opinion that the first charge given at the request of the plaintiffs was faulty in two respects. We can not see how the mere knowledge on the part of the defendant of a delivery of the poles by Baird would de-

feat his legal right to their possession. Knowledge of delivery without objection from which assent might be implied, might be sufficient, but mere knowledge is not the equivalent of assent. The charge, moreover, ignores the testimony tending to show that by the agreement advances were to be paid as well as stumpage.

The first charge requested by the defendant was properly refused. The charge does not predicate the conclusion upon the finding by the jury, that by the agreement between defendant and Baird, the timber was to remain on the land and in the possession of the vendor until the advances had been paid for.

We are of opinion that the lien given by the statute (Acts of 1894–95, *supra*) extends to the entire lot of timber for the whole debt due for stumpage gotten out under the contract; and so long as any amount due for stumpage remains unpaid, the lien may be enforced upon the entire remaining lot, unless the parties by agreement provide otherwise.

Under the principles of law declared by us, the fifth charge requested by defendant should have been given.

In its oral charge the court instructed the jury, that "if the contract was made with Baird, and Baird, with the *knowledge or consent* of Austill, turned these logs over to Austin as the agent," etc. This charge is subject to the same criticism made upon the first charge given by the court. Mere "knowledge" is not the equivalent of assent.

Reversed and remanded.