[Austill v. Hieronymus Bros.]

# Austill v. Hieronymus Bros.

### Action of Detinue.

1. *Detinue; when consent to take possession of personal property does not prevent its recovery in.*—Where a party becomes possessed of personal property by the consent of another, but on conditions to be performed before the property is taken the failure to comply with the conditions prevents the delivery from ever becoming effective; and such consent, the conditions not having been complied with, is no answer to a suit in detinue to recover the property.

APPEAL from the Mobile City Court.

Tried before Hon. O. J. SEMMES.

Action of detinue by Hieronymus Brothers against J. W. Austill, for the recovery of the possession of certain pine piling. To the complaint the defendant set up by plea that the piling was cut from land in his possession by one Baird and that the cutting was done under a contract between defendant and Baird that the pilings were not to be moved until the stumpage and advances made by defendant to Baird were paid. Replication to plea that defendant consented to the delivery of the pilings which Baird made, to plaintiffs. Rejoinder to replication that defendant did consent to the delivery of the pilings to plaintiffs, but that such delivery was not to take place until the defendant was first paid for his stumpage and for the advances made by him to Baird. There was a demurrer to this rejoinder; and the ruling of the trial court thereon is the only matter considered in the opinion.

R. T. ERVIN, for appellant, cited, *Shines v. Steiner*, 76 Ala. 458; *Sumner v. Woods*, 67 Ala. 142; 3 Ala. 679; *Commercial Bank v. Crenshaw*, 103 Ala. 514.

GREGORY L. & H. T. SMITH, *contra*.

[Austill v. Hieronymus Bros.]

TYSON, J.—When this cause was before this court on a former appeal, it was in effect held, that if the defendant consented to the delivery of the pilings by Baird to the plaintiffs or their agent, Austill, the defendant could not legally repossess himself of them so as to defeat the plaintiffs' right to recover them.—*Austill v. Hieronymus Bros.,* 117 Ala. 620.

Rejoinders filed by defendant to plaintiffs' replication aver that defendant consented as alleged in the replications to a delivery by Baird, but avers that his consent was given on consideration that the stumpage and advances due him by Baird should be paid by plaintiff before the poles were removed and that plaintiffs have never paid him.

The failure to pay was not a breach of a condition subsequent. If the defendant's consent to the delivery was conditioned upon the payment by plaintiffs to him of the amount due him by Baird for stumpage and advances, their failure to pay, prevented the delivery from ever becoming effective. It is analogous to the principle so well recognized in the sales of personal property where the delivery is conditional or made in the expectation of immediate payment; in such cases, no title passes until the condition is complied with. Or when goods are sold for cash on delivery, payment and delivery are concurrent acts; the title does not pass on delivery without payment, unless it is accompanied with circumstances showing a waiver thereof, and the seller may recover the goods so delivered.—*Shines v. Steiner,* 76 Ala. 458; 6 Am. & Eng. Ency. Law (2nd ed.), pp. 456, 457 and notes. The demurrer to the rejoinders should have been overruled.

It is unnecessary to consider the question involved in the motion of appellee to strike the bill of exceptions and certain assignments of error from the record, so we will not do so.

The judgment is reversed and the cause remanded.