# Drake *v.* Scott.

## *Action of Detinue.*

1. *Sale of goods for cash; when title passes.*—When goods are sold for cash on delivery, the payment and delivery are concurrent acts, and, therefore, the title to the property does not pass on delivery without payment of the price which was agreed to be paid in cash.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action of detinue brought by the appellee, Mrs. Mattie Scott, against the appellant, M. E. Drake, to recover certain specifically described property.

The cause was tried on the plea of the general issue.

The evidence showed that the defendant applied to the plaintiff to purchase the property described in the complaint; that the plaintiff agreed to sell the defendant the said property for a certain price for cash, and the defendant paid to her five dollars to bind the trade, and it was agreed between them that the balance was to be paid when the defendant came to get the property purchased; that a few days thereafter the defendant came to the house of the plaintiff to obtain the property, which was delivered to him; that after the delivery of the property, the defendant sought to pay the plaintiff the balance due upon the purchase price by delivering to her an account which the plaintiff owed the mercantile firm; that the plaintiff refused to accept this account in payment of the property sold, and demanded that she be paid the amount in cash or that the property be returned to her; that the defendant never paid the amount agreed

upon, nor did he return the property to the plaintiff. It was further shown that the plaintiff made a demand upon the defendant for the return of the property before the institution of the suit.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the plaintiff. The defendant appeals, and assigns as error the rendition of judgment for the plaintiff.

PINKNEY SCOTT, for appellant.—The title to the property sued for in this case passed to the appellant, Drake, at the time he and Mrs. Martin met and agreed on the price and at which time appellant paid her five dollars on said property.—*Brandon Printing Co. v. Bostick*, 126 Ala. 252; *Pilgreen v. State*, 70 Ala. 368; *Neal, Morse & Co. v. Boggan*, 97 Ala. 611.

ESTES & SMITH, *contra*, cited *Neal v. Boggan*, 97 Ala. 611; *Shines v. Steiner*, 76 Ala. 458; *Harmon v. Goetter*, 87 Ala. 325.

HARALSON, J.—"Where there is a sale of goods, to be paid for in cash on delivery, payment and delivery are concurrent acts. In such case, payment is a condition precedent to passing title to the vendee. If delivery is made without demanding payment, or under circumstances showing no expectation of immediate payment, the condition is waived, and the title passes; but, if the goods are put into the possession of the buyer, on the understanding or agreement that he will pay for them immediately, and he fails or refuses to do so, the seller may recover the goods."—*Shines v. Steiner*, 76 Ala. 458; *Harmon v. Goetter*, 87 Ala. 325; Benjamin on Sales, (6th ed.), §§ 1, 320, and n. 4, p. 298.

The facts in this case show, without conflict, that the contract for the sale of the chattels sued for, to the defendant by the plaintiff, was for cash to be paid on delivery, the payment being a condition precedent to passing the title to defendant.

Affirmed.