71 So.2d 289

**SLATON v. LAMB.**

8 Div. 740.

Supreme Court of Alabama.

March 18, 1954.

Marion F. Lusk, Guntersville, for appellant.

Clark E. Johnson, Jr., Albertville, for appellee.

STAKELY, Justice.

On or about July 24, 1952, plaintiff R. F. Lamb, doing business as City Motor Company (appellee), was the owner of a certain Chevrolet automobile, which is the subject of this litigation. He carried the automobile to Sewell Lowe's Auto Auction in Murfreesboro, Tennessee, and put it up for sale at public auction to the highest bidder for cash. One T. C. McDonald, a resident of Ardmore, in Limestone County, Alabama, made the highest bid upon the automobile and gave his check for the same in the amount of $1440. At the time both the buyer T. C. McDonald and the seller City Motor Company by R. F. Lamb, signed a written memorandum which was furnished by Sewell Lowe's Auto Auction. This written instrument contained in substance the following. It showed that a certain described automobile was sold to McDonald Motors of Ardmore, Alabama, who had purchased it at Sewell Lowe's Auto Auction from the City Motor Company, the selling price being given at $1440. The instrument contains covenants of warranty by the owner with the purchaser, showing that the owner is the true and lawful owner of the described automobile; that it is free from all encumbrances and that the owner has a good right and full power to sell the same as aforesaid and that he will warrant and defend the same against the lawful claims and demands of all persons whomsoever. The purchaser agrees that the named seller is the owner of the described automobile and in substance agrees that Sewell Lowe's Auction is interested in the matter only as an auctioneer seller and is not liable or responsible for the title to or condition of the automobile and that the transaction is solely between the owner and the purchaser of the car.

The instrument contains a provision that the buyer has examined and accepted the automobile in its present condition and received it from the vendor and it is expressly agreed by the buyer that the title and ownership of the automobile shall remain in the vendor until any check, draft, due bill, note or any other instrument given for the purchase price of the automobile has been fully paid and so marked and delivered to the buyer and that title to the automobile shall not pass to the buyer and the bill of sale become absolute until the payment in full of such check or checks, draft, due bill, note or instrument.

On July 25, 1952, T. C. McDonald took the automobile to Huntsville, Alabama, and there sold it the following day at public auction to the defendant Morris Slaton, doing business as Slaton Motor Company

(appellant). The car was brought to Marshall County at once when on July 28, 1952, it was sold at auction to Esquire Motors of Pensacola, Florida. Morris Slaton was forced, however, to take it back. It was then sold to Community Motors of McComb, Mississippi. The automobile cannot now be repossessed since its whereabouts is unknown and cannot be discovered. The instrument to which reference has been made was never recorded in either Limestone County or Madison County, but was recorded in Marshall County on October 3, 1952.

The case was tried before the court without a jury on a count in conversion and a count in detinue with the result that the court entered judgment for the plaintiff R. F. Lamb, doing business as City Motor Company, against Morris Slaton, doing business as Slaton Motor Company, defendant, for the property sued for of the alternate value of $1450.

Appellant takes the position that since the written contract was not recorded in Limestone County, the county of McDonald's residence, it was void as against the appellee who under the undisputed evidence purchased the automobile in Madison County in good faith for value and without notice of the contract. It is furthermore contended that since the appellant did not rely upon his common-law right to treat McDonald's check as cash but entered into a written contract, reserving title to himself until payment of the check, his rights are controlled by § 131, Title 47, Code of 1940, and not by the common-law rule.

Before considering the effect of the recordation statute on the rights of the parties, it is first necessary to consider carefully the rights of the parties with reference to the contract made between R. F. Lamb, doing business as City Motor Company, and T. C. McDonald, doing business as McDonald Motors. It is clear that the transaction between them was a cash transaction and no title passed to McDonald or to any purchaser from McDonald since the check given as cash was a worthless check. In Harmon v. Goetter, Weil & Co., 87 Ala. 325, 6 So. 93, 94, this court said:

"The goods were sold to the vendors of the defendant by the plaintiffs, upon the condition that the price therefor was to be paid upon the receipt of an invoice of the goods. This rendered the transaction between the plaintiffs in this action and the sellers of the defendant a sale for cash. Until the fulfillment of the condition,— the payment of the price of the goods,—the sale was not completed, and the title to the goods remained in the plaintiffs. The payment of the purchase money was a condition precedent to a consummation of the trade, and until such payment the title to the goods never passed out of the seller, and no right of possession accrued to the buyer. * * *"

Section 29, Title 57, Code of 1940; Moore v. Long, 250 Ala. 47, 33 So.2d 6; Hyatt v. Reynolds, 245 Ala. 411, 17 So.2d 413. In Shines v. Steiner, 76 Ala. 458, cotton was sold for cash on delivery. Payment was refused and this court said: "The sale was executory and conditional and by the refusal of the defendants to pay, was never consummated."

In Barksdale v. Banks, 206 Ala. 569, 90 So. 913, this court expressly shows that where there is a sale for cash and a check was given which represented cash, delivery was conditioned upon the check being honored. In other words, in that case, as in the present case, there was no consummated agreement between the parties because the check was not paid.

This was undoubtedly the situation between the parties when they signed the written memorandum. The written memorandum contains no more than a statement of what the transaction was without the written memorandum. The fact that the parties signed the written agreement, does not within itself make out of the agreement something of which it did not consist prior to the written agreement.

Since there was no completed sale, the rights of the parties to this litigation are not determined by § 131, Title 47, Code of 1940, which is not here applicable. The contract between Lamb and McDonald was not a conditional sale within the meaning of the foregoing statute. Authorities supra. See also Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292; Drake v. Scott, 136 Ala. 261, 33 So. 873; Gayle Motor Co. v. Gray-Acree Motor Co., 206 Ala. 586, 90 So. 334; 38 Am.St.Rep. 615; 47 Am.Jur. pp. 12013. Accordingly, we find it unnecessary to consider § 131, Title 47, Code of 1940.

But it is insisted by the appellant that when the car was sold by Lamb to McDonald, doing business as McDonald Motors, and possession of the car turned over to McDonald, McDonald became clothed with such indicia of title as to estop Lamb from seeking to establish any rights against the appellant, who bought in good faith without notice. We are not impressed with this position. In the case of Bent v. Jerkins, 112 Ala. 485, 20 So. 655, cited by appellant, the seller delivered the property, retaining title, to a retail dealer for the purpose of sale by the retail dealer. And in Bass, Heard & Howle v. International Harvester Co. of America, 169 Ala. 154, 53 So. 1014, 33 L.R.A.,N.S., 374, cited by the appellant, the personal property was delivered to a retail dealer for the purpose of sale by the dealer. In both of these cases the court held that since the property was delivered to the purchaser for the purpose of sale, although title was reserved by the seller, an innocent purchaser was protected because, where one of two innocent persons must suffer, that person should suffer who brought about the situation and the seller could not complain because he had turned over the property to his purchaser for the purpose of sale.

In the case at bar it is not a question of the purpose of the sale by Lamb to McDonald. It is a question of whether there was in fact a sale. As a matter of fact the sale was never made because the cash was not paid. In the two foregoing cases the owner of the title authorized an-other expressly or impliedly to make a sale and convey the title. The result was that when the other made the sale, he passed the title out of the original owner and placed it in the subsequent purchaser. This put the subsequent purchaser in the position where he could be a bona fide purchaser. In the case at bar, Lamb never parted with the legal title and never authorized anyone else to sell so as to pass the title. A purchaser from McDonald, therefore, could not acquire the legal title which is necessary to constitute one a bona fide purchaser. Moore v. Long, supra.

It results that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.