74 So.2d 484

**R. D. ISON, Jr., et al.**

v.

**C. W. COFIELD.**

8 Div. 734.

Supreme Court of Alabama.

Aug. 30, 1954.

Marion F. Lusk, Guntersville, for appellants.

Rogers, Howard & Redden, Birmingham, for appellee.

CLAYTON, Justice.

This appeal was transferred to this court from the Court of Appeals under authority of Section 96, Title 13, Code of Alabama, 1940.

Appellee, a resident of Marshall County, on February 18, 1952, sold at Dixie Auto Auction Sales, where located does not appear, an automobile to D. W. Carpenter for a price of about $1,600, for which Carpenter gave him a check in payment. The evidence showed that the sale was a cash transaction. Carpenter's check was dishonored at the bank. Appellee sent his brother-in-law E. J. Gilbreath to Montgomery and repossessed the automobile on about March 1st and returned to Carpenter his bad check. A copy of the "condition of purchase of Dixie Auto Auction Sales" was shown to a witness during his examination at the trial but was not introduced in evidence. The only other reference to it was in the testimony of Mr. Lusk, attorney for appellant, relative to a telephone conversation he had with appellee in which appellee stated to him that he, appellee, had a clear right to the car under his bill of sale whereby he had reserved title to himself, and that he had taken the car back because the check had bounced and he had the right to do it, under the bill of sale. There was no evi-

dence that the condition of sale, bill of sale, or other memorandum of the transaction between appellee and Carpenter was recorded in the Probate Office of Marshall County or Montgomery County or elsewhere.

Carpenter was a used car dealer, whose place of business was located in Montgomery. He financed his business by what is called in the trade "floor plan". That is, he executed chattel mortgages to appellant from time to time on automobiles which he had on hand for sale, and on February 21st, he executed to appellant a mortgage on the automobile involved in this suit. The mortgage was not recorded and apparently it was not appellant's custom to record any of these mortgages. The mortgage, in addition to the usual verbiage of chattel mortgages, contained a provision for the sale of the automobile by the mortgagor and payment by him to mortgagee of a sufficient part of the sale price to satisfy the mortgage debt.

Appellant, on April 19, 1952, instituted detinue suit in the Circuit Court of Marshall County against appellee for the automobile or its alternate value, resting his right to recovery on his mortgage from Carpenter. From an adverse judgment he prosecutes this appeal.

Our recent case of Slaton v. Lamb, 260 Ala. 494, 71 So.2d 289, held that in a cash sale of an automobile where payment is made by check and title reserved in seller until check is paid, and payment of the check is refused by the bank on which drawn, there is no sale. No title passes to the purchaser and he can give none to his vendee. The case before us now differs from that one only in the fact that in the case under consideration, appellant is mortgagee of the purchaser instead of vendee of the purchaser. We think that Slaton v. Lamb, supra, is controlling here and upon that authority the judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.