BEVERAGE PRODUCTS CORPORATION *v.* Robbie ROBINSON

CA 88-371                                    769 S.W.2d 424

Court of Appeals of Arkansas
Division I
Opinion delivered May 3, 1989

*Bethell, Callaway, Robertson & Beasley*, by: *Edgar E. Bethell*, for appellant.

*Roger T. Jeremiah*, for appellee.

DONALD L. CORBIN, Chief Judge. The facts of this case are largely undisputed. Appellant commenced this action against the appellee to replevy a soft drink machine. Appellant had delivered the soft drink machine to Chet Bonar for use at his driving range. Appellant and Bonar executed a document, which recited that the arrangement by which the machine was placed at Bonar's business was a "loan" of the machine. No security agreement or financing statement was executed or placed of record with regard to the machine. Bonar ran into financial difficulties, and the assets of his driving range were at some point seized and sold at public auction in execution on a judgment against him. Appellee purchased the soft drink machine from an individual who purchased it at the sale. After appellant discovered that appellee had possession of the machine, it commenced this action. The trial court ruled that the appellee was a bona fide purchaser for value without notice and that, as such, took title clear of any claim of the appellant. Appellant contends this ruling is an incorrect application of the law. We agree and reverse and remand.

■ Arkansas follows the elementary common law rule that one cannot convey a better title than that which he has; a corollary to the general common law rule is that a purchaser cannot acquire a title better than that of his vendor. In recognition of this principle, our supreme court ruled in *Superior Iron Works* v. *McMillan*, 235 Ark. 207, 357 S.W.2d 524 (1962) that one who purchases from a thief acquires no title as against the true owner absent exigent circumstances. *See generally* R. Boyer, *Survey of the Law of Property* Ch. 33 (3d ed. 1981).

The Uniform Commercial Code, codified at Ark. Code Ann. Sections 4-1-101 through 4-10-104 (1987), builds and expands upon the general common law rule. Ark. Code Ann. Section 4-2-403 (1987) provides in part as follows:

(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value.

. . . .

(4) The rights of other purchasers of goods and of lien creditors are governed by the chapters on secured transactions . . . , bulk transfers . . . , and documents of title . . . .

The replevied soft drink machine in this case is not the subject of a secured transaction or a bulk transfer, nor did it involve any document of title. Comment One to the above cited section of the Uniform Commercial Code states that the section is intended to continue "[t]he basic policy of our law allowing transfer of such title as the transferor has . . . ."

While we can agree with the trial court's finding that the appellee was innocent and purchased the soft drink machine in good faith, Ark. Code Ann. Section 4-2-403 controls, and the appellant must prevail. *See generally Adkins* v. *Damron*, 324 S.W.2d 489 (Ky. Ct. App. 1959); *Slaton* v. *Lamb*, 260 Ala. 494, 71 So. 2d 289 (1954). The uncontroverted evidence below was that Bonar never obtained title to the soft drink machine, nor was there any intention that title should ever pass to him. It has long been held that the rightful owner of personal property seized pursuant to judicial process may maintain an action in replevin against the officer he finds in possession thereof. *Willis* v. *Reinhardt*, 52 Ark. 128, 12 S.W. 241 (1889). Because it is undisputed that Bonar and his successors in possession to the soft drink machine never acquired title superior to that of appellant, and in light of the principles noted above, the decision is reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

CRACRAFT and COOPER, JJ., agree.