## COMMONWEALTH *vs.* PETER PRIUS & another.

An indictment averring that two partners agreed and conspired to procure over-insurance upon their stock in trade to a certain amount "by falsely pretending that said stock was of much greater value than" that amount, and, as a part of that agreement, agreed and conspired to obtain that amount from the insurers as and for a loss, " by means of false pretences of a loss thereafterward to happen, with design, under pretence of a loss, to cheat and defraud" the insurers " of their moneys by means of said false pretences," without more particularly stating the means by which the money was to be obtained, is insufficient.

THE second count of this indictment alleged that the defendants, on the 1st of March 1856, owning a stock of goods in Lowell as partners, and having insurance thereon against fire by certain insurance companies named in the indictment, amounting in all to the sum of $10,000, " did then and there corruptly, wickedly and unlawfully confederate, agree, combine and conspire together, to insure and cause to be insured on said stock " certain other sums, amounting to $10,000 more, in other companies named, " by then and there falsely pretending that said stock so by said firm kept and used in their said business was then and there of a much greater value than twenty thousand dollars; and as a part of said unlawful agreement " the defendants " did then and there corruptly, wickedly and unlawfully confederate, agree, combine and conspire together to obtain from all said insurance companies as and for a loss to a large amount, to wit, twenty thousand dollars, by means of false pretences of a loss thereafterward to happen, with design, under pretence of a loss, to cheat and defraud all said insurance companies and each one of them of their moneys by means of said false pretences ; against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The defendants, being convicted in the court of common pleas on this count, moved in arrest of judgment, that no offence was alleged therein. *Sanger*, J. overruled the motion, and the defendants alleged exceptions.

*T. Wentworth & P. Haggerty*, for the defendants.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BIGELOW, J.   The second count in the indictment, on which alone the defendants were found guilty, is fatally defective.   It was not a crime in the defendants to procure an over-insurance on their stock in trade.   It was at most only a civil wrong. The charge of a conspiracy to do so does not therefore amount to a criminal offence.   It was not a combination to effect an unlawful purpose, and no unlawful means by which the purpose was to be effected are set out in the indictment.

The residue of the count is too uncertain and indefinite to support a conviction.   It amounts to nothing more than an allegation of a conspiracy to cheat and defraud the insurance companies, which is clearly insufficient.   *Commonwealth* v. *Shedd*, 7 Cush. 514.   The means by which this purpose was to be effected are not stated with such precision and certainty as to show that they were unlawful.   The false pretences by which money was to be obtained from the insurance companies are not set out; and the charge of a conspiracy " to obtain money by means of false pretences of a loss thereafterward to happen," is altogether too general and vague a statement to come within the rules of criminal pleading.            ` Judgment arrested.`