Commonwealth vs. Haughey.

---

CASE 2—INDICTMENT—DECEMBER 6.

# Commonwealth vs. Haughey.

APPEAL FROM KENTON CIRCUIT COURT.

An indictment for obtaining a note by false pretenses, charges, in substance, that the defendant falsely represented to his creditor, that he had a specified quantity of tobacco, worth 14 cents per pound; that it was of a particular description and quality, according to a sample which he exhibited; and that, by these false pretenses and representations, with intent to cheat and defraud the creditor, the defendant obtained, and the creditor was induced to deliver to him, a note which he held upon the defendant, upon which there was a balance due of $122 64, and to credit said note for said sum; when in truth said lot of tobacco was not a good article of tobacco, and not of the quality and description of the sample, &c., and was of no value, which the defendant knew. *Held*—that the facts charged do not amount to a false pretense within the meaning of the statute.

It is difficult to lay down any rule by which to establish the true boundary between those frauds which amount to false pretenses, and are indictable under the statute, and such as amount to unfair dealing and imposition. *Argu.*

Commonwealth vs. Haughey.

A. J. JAMES, Attorney General, for Commonwealth, cited *chap.* 28, *art.* 13, *sec.* 2, *Revised Statutes*; 5 *British Crown Cases*, *page* 508.

STEVENSON & MYERS, for appellee, cited 40 *Eng. Law and Eq. Rep.*, 589; 6 *Term Rep.*, 565; 2 *Leach*, 652; 2 *Russell on Crimes*, *pages* 293, 294, 289; 11 *Wendell*, 557; 4 *Hill*, 9; 3 *Ib.*, 69.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The appellee was indicted in the Kenton circuit court for having obtained from one R. R. Jones a note which Jones held upon him, to be surrendered up to him, upon false pretenses.

To the indictment there was a demurrer, the demurrer was sustained, and indictment dismissed, and the Commonwealth has brought the case to this court.

The indictment charges, that Jones held a note on appellee for $740, all of which had been paid but one hundred and twenty-two dollars and sixty-four cents; that appellee came to him, and falsely represented that he had and owned nine butts of pounds of tobacco, worth fourteen cents per pound; that it was of a particular description and quality, according to a sample which he then and there had, and exhibited to said Jones; and, that Jones, believing these said false pretenses and representations, was induced, by reason thereof, to deliver, and did then and there deliver up to "*said Jones,*" [which we suppose is miscopied, and should be *said Haughey,*] money and property of the value of one hundred and twenty-two dollars and sixty-four cents, by giving said Haughey credit on said note for said sum of money, which note was the property of said Jones, and the evidence of the indebtedness of said Haughey to Jones in said sum of $122.64; and that said Haughey did then and there receive said note, money, and property, credit, goods, chattels, and effects of and from the said Jones, by means of the false pretenses and representations aforesaid, with intent to cheat and defraud said Jones, when in truth said certain lot of tobacco, consisting of nine butts of pounds, then and there possessed by said Haughey, was not a good article of tobacco, and not of the quality and

description of the sample, &c., and was of no value, which said Haughey knew.

From the indictment it is evident that appellee had the quantity of tobacco which he represented to Jones he had, but it fell very far below the quality he represented it to be, and by his false representation Jones was induced to give up to him the written evidence of Haughey's indebtedness to Jones. Jones certainly could have held the note until the tobacco was delivered, but he did not do that; he surrendered the note, and relied upon appellee's promise to pay the amount in tobacco of a particular quality and a particular amount. The debt was a subsisting debt, although Jones had given to Haughey the written evidence of it, and it was to be extinguished by the delivery of the tobacco of the description such as Haughey represented it—and the whole transaction is, that Haughey promised to pay a debt in tobacco of a particular quality, which he failed to do. It certainly was a pretense upon the part of Haughey to do what he did not mean to do—a promise to pay the debt at a future period with tobacco of a good quality which he, at the time he made the promise, may not have intended to do, and may have falsely represented to Jones that he had the tobacco of the quality and description according to the sample with which to pay him, when in fact he did not have such tobacco.

But common caution on the part of Jones would have protected him from any injury; he could, without any trouble, have retained his note until the tobacco was delivered, and if, upon an offer to deliver it by Haughey, it was not equal in quality to the sample exhibited he could have rejected it.

It is certainly very difficult to lay down any rule by which to establish the true boundary between those frauds which amount to false pretenses, and are indictable under the statute, and such as amount to unfair dealing and imposition.

This case we think does not amount to a false pretense within the meaning of the statute, according to the adjudged cases. (2 *Russell on Crimes*, 282, 288, 289.)

The judgment of the court below is affirmed.