.JUDGE ELLIOTT
delivered the opinion of the court.
This is an indictment charging the appellee with having obtained the money and property of Presley O’Bannon by the false pretenses of fraudulently representing to O’Bannon that he was the owner of a house and lot in Owen’s addition to ■the town of Eminence, and that the house and lot so owned were free from lien or mortgage to any one.
By these misrepresentations it is charged that appellee obtained from O’Bannon $125 in money and some promissory *286 notes for the house and lot; and that it turned out on investigation there was a recorded mortgage on the property, which had been executed by appellee to Lotty Kelso.
The indictment fails to state the amount of the mortgage lien of Mrs. Kelsó, for if it was merely nominal the appellee may have made the representations charged with no intention to defraud O’Bannon, but with the intention of removing the encumbrance with a part of the money received from him. But we concur with the opinion of the lower court, that the indictment was insufficient for several reasons.
In the case of the Commonwealth v. Haughey (3 Met. 223) it was charged that Haughey obtained credit on a note he owed E. R. Jones, upon the false and fraudulent pretense and representation that a large quantity of tobacco which Jones then purchased would average in quality with a sample which Haughey then and there exhibited to said Jones.
This court affirmed the judgment of the lower court dismissing the -indictment, and say that a common caution on the part of Jones would have protected him from any injury; he could, without trouble, have retained his note till the tobacco was delivered; and if, upon an offer to deliver it by Haughey, it was not equal in quality to the sample exhibited, he could have rejected it.
So in this case O’Bannon could have refused to execute and deliver his notes to appellee, or even to pay him the $125 in money, till he stepped to the clerk’s office and ascertained from the records of the Henry County Court whether the title to the house and lot was such as represented.
In Wharton’s Criminal Law, vol. 2, sec. 2129, the doctrine is laid down that “a representation, though false, is not within the statute (meaning the statute against obtaining money and property by false pretenses), unless calculated to deceive persons of ordinary prudence and discretion;” and this author further says that the statutes against obtaining *287 money, etc., by false pretenses ought not to be so interpreted as to include cases where the party defrauded had the means of detection at hand.
Here O’Bannon had the means of detection at hand; for, by a visit to the clerk’s office, he could soon have ascertained whether the appellee had the unencumbered title to the house and lot as represented.by him.
Wherefore the judgment is affirmed.