STATE v. GOBLE.

1. **Criminal Law**: FALSE PRETENSES: WHAT CONSTITUTES. An indictment which charges upon the defendant false pretenses in representing that he was one B., is sustained by evidence that defendant, by false actions, induced the defrauded party to believe that he was B. It was not necessary to prove that defendant said that his name was B.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 21.

THE defendant was indicted and convicted of obtaining money upon false pretenses and was sentenced to the peni-

State v. Goble.

tentiary for the term of three years. He new appeals to this court.

*T. B. Snyder*, for appellant.

*Smith McPherson*, *Attorney-general*, for the State.

BECK, J.—I. The indictment charges that defendant did feloniously, by false pretenses, represent that he was one Philip Backer, thereby inducing one Smyth to pay to him a debt due from Gilbert, Hedge & Co. to Backer. The evidence tends to show that Backer was employed in hauling for Gilbert, Hedge & Co., and $70.80 were due him therefor. Defendant had been in the employment of Backer, and applied to Smyth, the book-keeper of Gilbert, Hedges & Co., for payment for the hauling. Smith asked him his name, the amount due him, and other questions. His answers induced Smyth to believe that he was Backer, and thereupon Smyth paid him the amount due Backer. The evidence shows that defendant represented by his words and action that he was Backer, and did not apply for payment as the agent or servant of Backer. The payment of the money to defendant is not denied. The evidence is sufficient to support the conclusion to which the jury must have arrived, that defendant obtained the money by inducing Smyth to believe that he was Backer, by giving that name, and by his acts and conversation touching the transaction.

II. The court instructed the jury in effect that if defendant, with intent to defraud, by false pretense or by false action, induced Smyth to believe that he was Backer, and, upon such belief, Smyth paid him the money, he is guilty of the crime charged, even though he did not state that his name was Backer. The instructions are correct. False and fraudulent pretenses, other than representations that his name was Backer, would authorize a verdict of guilty. Such representations may have been made by acts or declarations intended to induce the belief that he was really Backer.

III.   Counsel complain of the instructions on the ground that they authorize the jury to find defendant guilty upon proof of false pretenses other than those set out in the indictment.   The indictment charges the false pretenses to be representations that defendant was Backer.   It does not allege how these pretenses were expressed, whether by declarations that his name was Backer, or by other statements, or by acts.

IV.   It is proper to remark here that our statement of the facts is based upon corrections made by the amended abstract filed by the attorney-general.   As the amended abstract is not denied by the defendant, it must be regarded as correct.

We discover no ground upon which the judgment of the District Court can be disturbed; it must, therefore, be

AFFIRMED.