CASE 48—INDICTMENT—APRIL 29.

## Taylor v. Commonwealth.

APPEAL FROM LAUREL CIRCUIT COURT.

OBTAINING PROPERTY BY FALSE PRETENSES.—One who falsely pretends, by the printing of a false letter-head, to be a regular merchant, and thereby fraudulently obtains the property of another, is guilty of the statutory offense of obtaining property by false pretenses.           •

EWELL & SMITH FOR APPELLANT.

1. As the two writings exhibited by the witness Karr were not mentioned or described in the indictment, the court should have excluded them from the jury. (Glackan v. Commonwealth, 3 Met., 234 ;. Criminal Code, sec. 124.)

2. To constitute the offense of obtaining money by false pretenses, the false pretense must consist of some past occurrence or some present existing fact. No statement of any thing to take place in future is a pretense within the meaning of the law. (Glackan v. Commonwealth, 3 Met., 234; Archbold's Crim. Practice, vol. 2, 465 ; 2 Bishop on Crim. Law, 345; 2 Russell on Crimes, 305; Wharton's Crim. Law, 727; Commonwealth v. Haughey, 3 Met., 223.)

3. Where the party claiming to be defrauded was placed in possession of the means of detection, an indictment will not lie. (Grady v. Commonwealth, 13 Bush, 285.)

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The acts charged in the indictment are sufficient to constitute the offense of obtaining money by false pretenses. (2 Bishop on Crim. Law, secs. 151, 155, 415, 438; Commonwealth v. Van Tuyl, 1 Met., 1.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

·In the indictment under which he was convicted, appellant is charged with the offense of obtaining money and property under false pretenses, committed in the following manner: That he, John Storms and E. B. Storms, conspired and confederated to defraud and obtain flour and meal from the firm of Galloway & Burnam, dealing by wholesale therein at Paint Lick, and for that purpose did make, forge and print the following words and figures on paper in the style of a business letter-head, viz: "Office of E. B. Taylor, dealer in dry goods, clothing, boots and shoes, family groceries, furniture, &c., six miles west on Laurel river, Corbin, Kentucky," when, in fact, no such firm as E. B. Taylor existed at the time, and said E. B. Taylor was not a dealer in any of the articles named in the letter-head. That after said false letter-head was made the defendants did, on February 2, 1893, and in furtherance of said conspiracy, willfully and feloniously, and for the purpose of fraudulently obtaining money and property from Galloway & Burnam, write an order to them as follows:

"Office of E. B. Taylor, dealer in dry goods, clothing, boots and shoes, family groceries, furniture, &c., six miles west on Laurel river, Corbin, Ky. Keary, Ky., 4-2, 1892. Messrs. Galloway & Burnam: You will please send me the following: 500 pounds best flour, and ten bushels corn meal. Ship to Lilly, Ky. Yours resp., E. B. Taylor. I will refer you to W. W. Storms, Keary. Please send on 30 days time."

It is further charged that said order was for-

warded by mail to Galloway & Burnam at Paint Lick for the purpose aforesaid; and thereby defendants obtained, and Galloway & Burnam were induced and did send to the address of E. B. Taylor, the quantity of flour and meal as requested in said order, and of the value of seventeen dollars and twenty-five cents.

The evidence fully supports the statements contained in the indictment. And the only question is whether the facts so alleged and proved, constitute an offense for which appellant can be punished. Section 2, article 13, chapter 29, General Statutes, provides as follows: "If any person by any false pretense, statement or token, with intention to commit a fraud, obtain from another, money, property or other thing which may be the subject of larceny; or if he obtain by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years."

"A false pretense is such a fraudulent representation of an exisiting or past fact by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value." (Sec. 151, vol. 1, Bishop on Criminal Law.)

The fact falsely represented in this case, and which was intended, adapted to, and did induce Galloway & Burnam to part with their flour and meal, was that E. B. Taylor had an establishment for the purpose, and was then and there a merchant and dealer in the articles mentioned in the letter-head. With-

out that letter-head, Galloway & Burnam would not, have parted with their property, nor could the defendants have obtained it, as was done, without a cash payment. For by that token or statement, either of which may be regarded as within meaning of the statute, Galloway & Burnam were induced to believe E. B. Taylor, a stranger to them, would pay them for their property at the time indicated, and consequently to give him credit therefor, which it fully appears they would not have otherwise done. We have thus a case where a person, by falsely pretending to be a regular and established dealer in dry goods and other articles, usually kept by a regular merchant, has fraudulently obtained the property of another, and is, therefore, guilty of the offense described in the statute quoted. For the letter-head, independent of the mercantile style in which the order for the flour and meal was written, did accomplish the fraudulent purpose intended, just as effectually as if there had been a plain and direct statement of the fact of which the letter-head was a token.

There is evidence that the father of appellant afterwards paid to Galloway & Burnam price of the flour and meal, but that did not operate to condone the offense, which was completed when the property parted with by Galloway & Burnam was obtained by the defendants.

Judgment affirmed.