# AUSTIN TERM, 1900.

### S. W. Cowan v. The State.

#### No. 1915. Decided April 11, 1900.

**1. Conspiracy to Swindle—False Pretenses.**

To constitute the offense of conspiracy to swindle there must not only be an agreement to commit the offense, but there must be an intent by false representations, etc., to swindle the intended victim of such false representations, and there must be an intent to cheat and defraud. The pretense must consist of a statement of some pretended existing fact made for the purpose of inducing the party to part with his property. The offense is not constituted by simply ordering goods in a letter containing a letterhead somewhat similar to the letterhead of another merchant in the same town, there being no representation that said last named party was the writer of said letter and order.

**2. Same—Offense to Be Consummated in Another State—Indictment.**

An indictment for conspiracy to commit a felony in another State, etc., must, to be sufficient, directly aver that the conspiracy was to be consummated in another State.

**3. Same—Indictment—Unnecessary Descriptive Averments—Surplusage.**

While it is unnecessary to set out in the indictment the means proposed to be used in perpetrating a swindle, yet, if this be done, such allegations will be treated as descriptive averments and can not be regarded as surplusage.

**4. Letter as Evidence—Predicate.**

A sufficient predicate is not laid for the introduction of a letter as evidence by a witness simply testifying that it was handed to him without an envelope, together with other letters in his morning mail by the party whose business it was to open the mail for the mercantile establishment and distribute it to the various departments of the establishment, the said witness not knowing of his own knowledge that said letter had been received through the mail.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

Appeal from a conviction of conspiracy to swindle; penalty, two years imprisonment in the penitentiary.

The indictment is set out in the opinion. No further statement necessary.

*Culp & Giddings,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment, in substance, charges: That appellant, Oscar Cowan, and B. M. Williams conspired together and entered into a positive agreement with each other to obtain goods from Rice, Stix & Co., doing a wholesale dry goods business in St. Louis, Mo., under false pretenses and representations; that is, by means of the following letter, to wit:

B. M. Williams & Co.
Hardware and Stoves.                Dry Goods, Boots, Shoes,
Tinware a Specialty.    19843            and Groceries.
                        Gainesville, Texas, 6-20, 1899.
                        Examined June 26, 1899.  6-22-99.
Mess. Rice, Stix & Co.,              Ed Levy            JOI.
            St. Louis, Mo.
    Gentlemen:  Please ship us at once
        25 Pc fcy prints & can sell for 5c.
        25 "  silver greys "   "   "   "  5c.
    Best discount 30 days.
                        Yours truly,
                        B. M. Williams & Co.

That said goods were to be bought on credit from said Rice, Stix & Co.; and that by using the letter heads of B. M. Williams & Co., they intended to induce said Rice, Stix & Co, to turn over to them the goods mentioned in the letter; and that a certain B. M. Williams was doing business on the south side of the public square in Gainesville, Texas, who was a different B. M. Williams from the alleged conspirator; and that the B. M. Williams who was doing business on the south side of the public square in Gainesville had a commercial rating throughout the United States, as well as such rating with Rice, Stix & Co.; and that by means of the letter head above set out they intended to convey the idea to Rice, Stix & Co. that B. M. Williams, who was engaged in business on the south side of the public square in Gainesville, had written the said letter.  These are, in substance, the alleged false pretenses and representations.

Motion was made to quash the indictment, because it charged no offense against the law, and because the indictment shows upon its face that the alleged representations and devices are not such as were calculated to induce the parties to believe that B. M. Williams & Co. were the B. M. Williams who was doing business on the south side of the square, as alleged, and that the allegations to that effect in the indictment are simply the conclusions of the pleader.  It will be noted that the only basis for the false representations is found on the letter head, as set out above.  It will be further noted that the B. M. Williams who was engaged in business on the south side of the public square in Gainesville, so far as the allegations in the indictment are concerned, was engaged only in the "hardware and stove business," whereas the letter head in question shows that B. M. Williams & Co. were engaged "in hardware, stoves; tinware a specialty; dry goods, boots, shoes, and groceries."  Now, if there were any representations made by B. M. Williams & Co. going to show they were personating B. M. Williams, the hardware and stove dealer in Gainesville, Texas, it is found in the fact that the letter was written on the letter head of B. M. Williams & Co.  There is no allegation showing that other representations were made.  To constitute the offense, there must not only be an agreement to swindle, but there must be an intent by false representations, etc., to swindle the party who is intended to be the

victim of such false representations. There must be an intent to cheat or defraud. This may be inferred from false representations, however. The pretenses must consist of a statement of some pretended existing fact, made for the purpose of inducing the prosecutor to part with his property. It is not necessary that the false pretenses should be the sole inducement which moved the prosecutor to part with his property. It is sufficient that they materially contribute to this end, and without which he would not have parted with his property. Blum v. State, 20 Texas Crim. App., 578. As stated above, no false pretenses are charged that appellant and his coconspirators represented themselves to be B. M. Williams who was engaged in business on the south side of the square in Gainesville. That Rice, Stix & Co. may have entertained an opinion that appellant so intended by means of the letter head is not sufficient, unless other acts of the parties induced said Rice, Stix & Co. to believe that they were in fact the said B. M. Williams who was so engaged in business in Gainesville. If Rice, Stix & Co. so believed simply from the letter head, it was their opinion only, and not a statement of that fact by appellant. Blum v. State, supra. It was but his opinion as to the existence of a fact which was not shown by, nor deducible from, the letter head, and was not the act, declaration, or representation of defendant, or either of his coconspirators. "A false statement that a house and lot were unincumbered, when in fact they were subject to a recorded mortgage, is not a false pretense within the statute, because the party defrauded had the means of detecting it at hand, and might have protected himself by the exercise of common prudence." Commonwealth v. Grady, 13 Bush, 285. If, as stated in the indictment, Rice, Stix & Co. knew of the high commercial standing of B. M. Williams, who was engaged in business on the south side of the square in Gainesville, they were put upon notice that, if it was the same B. M. Williams, he had made a change, not only in his firm name, but in his business as well, because these facts were distinctly set forth on the letter head; for B. M. Williams had been carrying on business in his own name, which was "hardware and stoves," but the letter head shows the firm to be B. M. Williams & Co., and that they were engaged not only in "hardware and stoves," but "tinware was made a specialty," as well as "dry goods, boots, shoes, and groceries." By this letter head they were notified of the firm and business, and that it was not the same firm of B. M. Williams. Rice, Stix & Co. were put upon notice of these changes and facts, and had the means of informing themselves, or could have used the means to inform themselves, as to whether or not it was the same man or firm with additional partners. A matter of belief and opinion on the part of Rice, Stix & Co. that the B. M. Williams & Co. who made the order was the same B. M. Williams who was doing business on the south side of the public square in Gainesville is not of itself sufficient. The indictment was drawn under article 960, Penal Code, which denounces a punishment for a conspiracy entered into in this

State for committing a felony in any of the other States or Territories of the United States, or in any foreign territory. There is no direct allegation in this indictment that the offense was to be committed in another State. It is inferentially charged by stating that the goods were to be purchased from Rice, Stix & Co. in St. Louis, Mo. This is hardly sufficient. There should have been a direct averment that the conspiracy was to be consummated in another State. See White's Penal Code, sec. 1676.

It may be stated generally of this indictment that it is very lengthy, quite verbose, and there is a want of positive averment and direct allegation. It is contended by the State, however, that the indictment is sufficient, because it is not necessary to set out the means proposed to be used in perpetrating the swindle. Concede this, and there are many authorities which support the proposition. We deem it unnecessary to discuss this phase of it. Why? Because the pleader saw proper to set out the means, and when this is done they will be treated as descriptive averments. While it may be unnecessary to set out with particularity descriptive averments, yet when this has been done they can not be ignored. They form part of the indictment, and can not be treated as surplusage.

An exception was reserved to the introduction of the letter upon which the indictment was predicated. It was introduced in evidence through the witness Simpson, who answered that he had before seen the letter, and that it was handed him in the office of Rice, Stix & Co., in St. Louis, in the ordinary course of business, by Mr. Stacy, their head man; that it was handed him without an envelope, with a number of other letters, composing the morning's mail; that he only knew it had come in the mail because it was the custom for Mr. Stacy to open the mail, and hand him the letters for his department, but he did not know of his own knowledge that said letter was received through the mail. On this predicate the county attorney offered and was permitted to introduce the letter in evidence. We do not believe there was a sufficient predicate laid for its admission. The indictment being insufficient for the reasons stated, the judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*

Henderson, Judge, absent.