# Hope v. The State.

## False Pretense.

(Decided April 8, 1912. Rehearing granted May 28, 1912. 59 South. 326.)

1. *False Pretense; Evidence.*—Where the trial is for false pretense based upon the giving of a mortgage on a horse not owned by the mortgagor, the mortgage is admissible.

2. *Same; Indictment; · Amount.*—The fact that the indictment charges the obtaining of an amount by false pretense larger than that shown by the evidence does not constitute a variance.

3. *Same; Instruction.*—The word "fraud" is used in Section 6920, is covered by the intent to injure or defraud, and hence, it was error to refuse instructions because they involve the proposition that the defendant could not be convicted in the absence of an intent to defraud.

4. *Statutes; Construction; Re-enactment.*—Where a statute is re-enacted after a construction has been placed upon it by the court, the courts cannot change such construction.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ed Hope was convicted of false pretenses, and he appeals. Reversed and remanded.

The indictment charges that Ed Hope did falsely pretend to Alex Gunn, with the intent to injure or defraud, that he owned one sorrel horse, named Joe, and by means of such false pretense obtained from said Alex Gunn $100. The written charges refused to de-

fendant were as follows: Charge A. (Affirmative charge). "(1) I charge you, gentlemen of the jury, that, to constitute the offense of which this defendant is indicted, it is indispensable that he should have intended to defraud; and if you believe from the evidence that he intended, at the time of the obtaining of the money from Gunn, in good faith to pay it when due, and had grounds for a reasonable belief that he would be able to do so, then you must find him not guilty, even though the pretense was false, and was used to induce Gunn to part with his money."

"(3) I charge you that if you entertain, upon the evidence, a reasonable doubt as to whether the defendant designed at the time to defraud, or intended in good faith to pay for the money he had obtained, you must find him not guilty."

"(5) To constitute the offense of false pretense, it is necessary that he should have intended to defraud; and if you believe from the evidence that at the time he obtained the money and gave the mortgage he intended in good faith to pay the mortgage at maturity, and had grounds for a reasonable belief that he would be able to do so, even though the pretense was false, you must find him not guilty."

T. J. BEDSOLE, and J. F. ALDRICH, for appellant. The indictment did not allege that the defendant executed the mortgage, and hence, it was error to permit the introduction of the note and mortgage.—*Cook v. The State,* 162 Ala. 93; *Meek v. The State,* 117 Ala. 116. There was a variance between the allegation and the proof.—*O'Connor v. The State,* 30 Ala. 9. Charge 1 should have been given.—*O'Connor v. State, supra; Carlisle v. The State,* 76 Ala. 75. On these authorities, the other charges should have been given.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
court properly admitted the mortgage.—*Wilkerson v.
The State,* 140 Ala. 155; *Cook v. The State,* 162 Ala. 90.
No variance is shown.—*Martin v. The State,* 125 Ala.
64; *Davis v. The State,* 57 South. 493. Charge A was
properly refused.—*Grant v. The State,* 97 Ala. 35. The
other charges were properly refused.—*Carlisle v. The
State,* 77 Ala. 71; *Meek v. The State,* 117 Ala. 116.

WALKER, P. J.—The mortgage executed by the de-
fendant was properly admitted in evidence against him,
because it embodied a statement to the effect that the
property embraced in it, which included "one sorrel
horse, named Joe," was then in his possession and be-
longed to him. It had a tendency to prove the making
by the defendant of the representation or pretense
which was charged by the indictment to have been
falsely made by him to the person who was the mort-
gagee, with intent to injure or defraud. The reason
here assigned to show the inadmissibility of this evi-
dence did not exist in the case of *Meek v. State,* 117
Ala. 116, 23 South. 155, which is relied upon in this con-
nection by the counsel for the appellant.

The court did not err in overruling the motion of the
defendant to exclude the evidence offered by the state.
The ground of the motion was that the charge in the in-
dictment that the defendant obtained $100 from the per-
son to whom the false pretense was alleged to have been
made could not be sustained by evidence tending to show
that he so obtained only $32.50. The statement in the in-
dictment of the amount of money obtained was not de-
scriptive of an essential ingredient of the offense charg-
ed. The charge made could be sustained by evidence of
the obtaining, in the manner alleged, of a less amount of

money than that averred.—*Davis v. State,* 3 Ala. App. 71, 57 South. 493; *Martin v. Stat,* 125 Ala. 64, 28 South. 92.

The conflict in the evidence was such that the defendant could not have been entitled to the general affirmative charge which was requested in his behalf.

The refusal to give the special written charges requested in behalf of the defendant was justifiable, because each of them involved the proposition that the defendant could not be convicted in the absence of an intent on his part to defraud. The criminal intent, which is made an ingredient of the offense charged, is one either "to injure or defraud."—Code, § 6920. The intent, which was an element of the offense with which the defendant, in the case of *O'Connor v. State,* 30 Ala. 9, was charged, was one "to defraud another."—Code of 1852, § 3142. The difference in this respect between that statute and the present one makes it apparent that it does not follow that the defendant was entitled to the special charges requested, because it was held in the case referred to that similar charges should have been given. The evidence in the present case was such as to afford support for an inference that the defendant had the intent "to injure" the person to whom the false pretense is alleged to have been made, by getting his money without the security on the faith of which it was advanced, though at the time he entertained the purpose to pay the debt, and so was without the intent "to defraud." To withhold from a creditor a security for which he contracts is a deprivation of a legal right and an injury to him in the eye of the law, though there is no intent to defraud him of the amount so obtained.

Affirmed.

[Hope v. The State.]

## On Application for Rehearing.

In the argument submitted in support of the appellant's application for a rehearing, the attention of the court is called to the ruling made in the case of *Carlisle v. State,* 76 Ala. 75, as to the effect, or rather the lack of effect, upon the meaning of the statute of the change made in the wording of it, which was mentioned in the concluding paragraph of the foregoing opinion. In that paragraph we expressed conclusions which cannot be reconciled with the ruling made in the *Carlisle Case.* The result of that decision was to preclude the idea that the change in the language of the statute, which was referred to, had practically any effect upon its meaning. As the statute, as so changed, has been re-enacted by the Legislature with that construction fixed upon it, it must be given the meaning which was given to it in the opinion rendered in the *Carlisle Case.* On the authority of that ruling and of the ruling made in the case of *O'Connor v. State,* 30 Ala. 9, it must be held that the trial court was in error in refusing to give written charges requested by the defendant. It follows that the judgment of affirmance must be set aside, and in its stead a judgment of reversal be entered.

Application for rehearing granted.

Reversed and remanded.