(78 South. 321)

EATON v. STATE. (5 Div. 268.)

(Court of Appeals of Alabama. March 12, 1918.)

1. SALES ⟊202(4)—PAYMENT ON DELIVERY—WHEN TITLE PASSES.

Upon sale of goods to be paid for on delivery, payment and delivery are concurrent acts, payment being precedent to passing title to vendee, and if goods are put in buyer's possession on agreement for immediate payment, which he does not make, the title does not pass, and seller may reclaim the goods.

2. FALSE PRETENSES ⟊6—FALSE TOKEN.

The giving of check for goods to be paid for upon delivery, without any explanation to the contrary was of itself a representation, symbol, or token that defendant had money on deposit in such bank, and if false and given with intent to deceive the seller and induce him to part with the goods, which was accomplished, the defendant was guilty of obtaining money under false pretenses.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Jim Eaton was convicted of false pretense, and he appeals. Affirmed.

The indictment charges that Jim Eaton did falsely pretend to George Hodgens, with intent to defraud, that he had on deposit in the Union State Bank at Jemison, Ala., money to the amount of $51.98, and by means of such false pretense obtain from said George Hodgens groceries and merchandise, a description of which is to the grand jury un-

known, to the value of $51.98. The evidence tended to show that defendant came to Hodgens and bought produce, eggs, butter, and chickens, and gave him a check therefor, and that he said that he did not have the money with him, but would have to give him a check on the Union State Bank at Jemison, and that this was said and done after defendant had bought this stuff. Another witness for the state stated that defendant said at the time of giving the check that he had the money in the Union State Bank at Jemison. Defendant asked for a directed verdict, which was refused.

Middleton & Reynolds, of Clanton, for appellant. F. Loyd Tate, Atty. Gen. and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] Where there is a sale of goods to be paid for in cash on delivery, payment and delivery are concurrent acts, and payment is a condition precedent to passing title to the vendee. And if the goods are put into the possession of the buyer on the understanding or agreement that he will make immediate payment, and he fails or refuses to do so, the title does not pass, and the seller may reclaim the goods. Shines v. Steiner, 76 Ala. 458; Harmon v. Goetter, 87 Ala. 325, 6 South. 93; Drake v. Scott, 136 Ala. 261, 33 South. 873, 96 Am. St. Rep. 25; 11 Enc. Dig.

We approve the following utterances taken from the dissenting opinion in Addington v. State, ante, p. 23, 74 South. 859:

"In order to constitute the offense denounced by our statute, there must be a false statement relating to some existing or past fact, calculated to deceive, or the use of a false symbol or token calculated to deceive, and which misled and caused the party defrauded to part with a thing of value. Code 1907, §§ 6920, 6921; Wilkerson v. State, 140 Ala. 155, 36 South. 1004; Pearce v. State, 115 Ala. 115, 22 South. 502; Colly v. State, 55 Ala. 85; Woodbury v. State, 69 Ala. 242, 44 Am. Rep. 515; Young v. State, 155 Ala. 145, 46 South. 580; Cowan v. State, 41 Tex. Cr. R. 617, 56 S. W. 751; Commonwealth v. Drew, 19 Pick. (Mass.) 179. Mere 'conduct and course of dealing,' unaccompanied by the employment of a false representation of fact by word or the employment of a false symbol or token, although sufficient to warrant a conclusion reached by the party parting with the thing of value, is not sufficient to bring the case within the statute. Such construction of the statute would be a strict construction against the accused, which is contrary to the policy of the law (2 Bishop's Criminal Law, § 415), and would subject him to criminal liability on an erroneous conclusion of the other party to the transaction. Cases are numerous where false tokens—material evidences of the existence of a fact—were employed to assist in accomplishing the fraudulent purpose, and a conviction sustained. Such was the leading case of Rex v. Barnard, 7 C. & P. 784, where the accused, by appearing in the garb of an Oxford University student, was enabled to fraudulently obtain goods on credit. However, in that case the report shows that the accused 'stated that he belonged to Magdalene College'; and likewise in the following cases the accused employed a symbol or token to aid his unlawful purpose: Regina v. Bull, 13 Cox, Cr. Law Cas. 608; State v. Bourne, 86 Minn. 432, 90 N. W. 1108; Taylor v. Commonwealth, 94 Ky. 281, 22 S. W. 217; State v. Hammelsy, 52 Or. 156, 96 Pac. 865, 17 L. R. A. (N. S.) 244, 132 Am. St. Rep. 686; State v. Foxton, 166 Iowa, 181, 147 N. W. 347, 52 L. R. A. (N. S.) 919, Ann. Cas. 1916E, 727; Commonwealth v. Mulrey, 170 Mass. 103, 49 N. E. 91; Brown v. State, 37 Tex. Cr. R. 104, 38 S. W. 1008, 66 Am. St. Rep. 794; Commonwealth v. Beckett, 119 Ky. 817, 84 S. W. 758, 68 L. R. A. 638, 115 Am. St. Rep. 285. In State v. Goble, 60 Iowa, 447, 15 N. W. 272, the opinion states that: 'The evidence shows that defendant represented by his words and action that he was Backer, and did not apply for payment as the agent or servant of Backer.'

"The cases noted above cited in 19 Cyc. 402, to sustain the proposition, 'A false pretense or representation may be made by act as well as by word'; but an examination of these authorities demonstrate that this is not a clear statement of the rule, and it is only when some symbol or token is used in connection with misleading conduct, such as 'passing of a worthless check or draft, or a check which accused has no reason to suppose will be honored' * * * that a false statement in words is not essential. In Glackan v. Commonwealth, 3 Metc. (Ky.) 232, under a statute substantially the same as ours, it was held, as our Supreme Court has held, that: 'It is essential to a conviction for obtaining money or property under false pretenses to allege and prove that the pretense whereby the money or property was obtained was the statement of some pretended past occurrence or existing fact, made for the purpose of inducing the party injured to part with his property.'" See Woodbury v. State, 69 Ala. 242, 44 Am. Rep. 515.

[2] The giving of the check, if given without an explanation to the contrary, was in and of itself a representation, symbol, or token that the defendant had money on deposit in the bank on which the check was drawn, and if this check was given with the intent to deceive the seller of the goods in this case, and he was thereby induced to part with the title to his property, and the symbol or token was false, and the seller was thereby deceived, the defendant was guilty. The jury by its verdict so determined, as it had the right to do, and we find no reason in the record for disturbing the judgment of conviction.

Affirmed.