### Joe L. Carter v. The State.

No. 7601. Decided February 8, 1922.

**1.—Conspiracy to Swindle—Indictment—Pleading—Completed Acts.**

The rule in criminal pleading is that in an indictment for a conspiracy, the conspiracy must be sufficiently charged, and cannot be aided by averments by acts done by one or more of the conspirators in furtherance of the objects of the conspiracy, and where the indictment for a conspiracy to swindle did not set out the false pretenses, tokens, and devises agreed to be used to accomplish the purpose or effect the end, and that it was to cheat and defraud in some of the modes made criminal by statute, the indictment is insufficient.

**2.—Same—Case Stated—Conspiracy to Swindle—Indictment.**

Where the indictment for a conspiracy to swindle did not show that the party alleged to be injured was in any way interested in any land situated in the county named, nor how any representations, false or otherwise with reference to the title to any such lands might cause him to part with any money, and is silent as to what false representation had been agreed upon to be used by the conspirators to induce him to surrender to them any money, and failed to state in what particular the abstract referred to was false or bogus, or how the same was to be used in furtherance of the purpose to procure money from him fraudulently, the same was insufficient.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of conspiracy to swindle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. W. Baskin, Mays & Mays*, and *L. C. Penry*, for appellant.— Cited Bryan v. State, 111 S. W. Rep., 744, and cases cited in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for conspiracy to swindle. Punishment two years in the penitentiary.

The indictment contains two counts; the first undertakes to charge appellant and others with conspiracy to swindle; this count only was submitted to the jury. The question was timely raised that the count is defective in many particulars and charges no offense against accused. Having reached the conclusion that the case must be reversed because the indictment is bad, no other questions presented in the record will be noticed.

Omitting formal allegations, it charges in substance, that appellant and other parties (naming them) conspired together and entered into a positive agreement with the intent to obtain from Fred Jones a large sum of money by means of a false and bogus abstract, and false representations as to the title to one certain pretended tract of land in Hemphill County, Texas. (Here follows a description of the land.) It is then alleged that appellant and the other parties in pursuance of the foregoing conspiracy, well knowing that the abstract of title was false and bogus and that their representations as to title of said land were false, represented to said Fred Jones that said abstract was a true and correct copy of the record title of said land down to March 11, 1919, and that one L. P. Razor was the owner of said title; when in truth and in fact said abstract was not a true and correct copy of the records of Hemphill County, Texas of said land, and that said title to said land was not in the name of L. P. Razor, but was in the name of W. C. Isaacs and Sam Isaacs; and that appellant and the other parties by means of the false and bogus abstract and said false representations attempted to induce Fred Jones to pay them a large sum of money with the intent to cheat and defraud the said Fred Jones out of the money and obtain the same for themselves, with the intent to fraudulently convert it to their own use and benefit.

Article 1433, Penal Code, is as follows:—"A conspiracy is an agreement entered into between two or more persons to commit any one of the offenses hereafter named in this chapter." Swindling of felony grade is one of the offenses named.

Article 1434 reads:—"The offense of conspiracy is complete, although the parties conspiring do not proceed to effect the object for which they have so unlawfully combined."

As appears from the foregoing articles it was not necessary for the pleader, in order to charge the offense of conspiracy, to have alleged what the conspirators undertook to do in furtherance thereof; but having undertaken to do so then the question arises; can those unnecessary allegations be looked to in aid of the charge of conspiracy? United States v. Britton, 27 Lawyer's Edition, page 698, is a direct authority upon this latter proposition. The pleader in that case was attempting to charge conspiracy against certain officers of a bank for the purpose of misapplying a sum of money belonging to said association. We quote from the opinion the following language.

91 Tex.—7

"The offense charged in the counts of this indictment is a conspiracy. This offense does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. . . . It follows as a rule of criminal pleading that in an indictment for a conspiracy the conspiracy must be sufficiently charged, and that it can not be aided by averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy."

(See also Corpus Juris, Vol. 12, Sec. 192, page 617.) If this proposition be correct, then we are driven back to those allegations in the indictment charging the alleged conspiracy. Stripping it of verbiage, it simply charges that appellant and the parties acting with him entered into an agreement that they would attempt to get money from Fred Jones by means of a false and "bogus abstract," (without in any manner setting out in what respect it was "bogus), and by means of false representations concerning the title to a pretended tract of land (without in any manner stating what they agreed to represent with reference thereto).

We quote from Cyclopedia of Law and Procedure, Vol. 8, page 661 and 662:—

"In accordance with the general rule in criminal prosecutions, an indictment or information for conspiracy must contain a statement of the facts relied upon as constituting the offense in ordinary and concise language, with as much certainty as the nature of the case will admit, in such a manner as to enable a person of common understanding to know what is intended, and with such precision that defendant may plead his acquittal or conviction to a subsequent indictment based on the same facts."

"Where conspiracy is made a statutory offense, when entered into for the purpose of committing certain specified offenses, if the statute sets out fully and without uncertainty or ambiguity the elements necessary to constitute the offense intended to be punished, it will be sufficient to charge the offense in the language of the statute or in words of equivalent meaning. If, however, the statute employs broad and comprehensive language, descriptive of the general nature of the offense denounced, the use of such language is insufficient to charge a specific offense thereunder. There should be such a particular statement of the facts and circumstances as will inform the accused of the specific offense charged."

To the same effect is Standard Ency. of Procedure, Vol. 5, page 282, Corpus Juris, Vol. 12, Sec. 188, page 614 and Sec. 189, page 615.

Our statute defining swindling, (Art. 1421, P. C., and those following), "employs broad and comprehensive language, descriptive of the general nature of the offense denounced." It may be committed in so many different ways that an indictment attempting to charge a conspiracy to swindle conveys no knowledge to the accused

of the particular offense alleged against him unless the averments particularize those things which were agreed to be done to accomplish the swindle. Pleading of such general character as is contained in the indictment is not in consonance with the requirement of our decisions with reference to indictments generally. Huntsman v. State, 12 Texas Crim. App. 619; Bryan v. State, 54 Texas Crim. Rep. 18; 111 S. W. Rep. 744; Branch's Anno. Penal Code, Section 493 page 255, for a collation of authorities.

The indictment in this case is totally insufficient to charge the offense of conspiracy to swindle. It does not show that Fred Jones was in any way interested in any land situated in Hemphill County, Texas; nor how any representations, false or otherwise, with reference to the title to any such land might cause him to part with any money. It is silent as to what false representations had been agreed upon to be used by the conspirators to induce him to surrender to them any money. It fails to state in what particular the abstract referred to was false or ''bogus,'' or how such abstract was to be used by the conspirators in furtherance of their purpose to secure money from him fraudulently. In other words, the indictment fails to contain allegations of such elements of the crime of swindling as are requisite to charge conspiracy to commit that offense. Mr. Wharton in his work on Criminal Procedure, Vol. 1, 10th Edition, Sec. 528, says:

''At common law an indictment or information charging a conspiracy to cheat and defraud need not set out the means to be used in effecting the object, a general charge being sufficient—e. g., by means of divers false and fraudulent devices. This doctrine has been followed by some of the courts in this country, but the better doctrine is thought to be that the indictment or information must set out the false pretenses, tokens, and devices agreed to be used to accomplish the purpose or effect the end, and it must show that the conspiracy was to cheat and defraud in some of the modes made criminal by statute.''

People v. Barkelow, 37 Mich. 455; Commonwealth v. Prius, 75 Mass. 127; Commonwealth v. Eastman, 48 Am. Dec. 596; Commonwealth v. Hunt, 38 Am. Dec. 346; Alderman v. People, 69 Am. Dec. 321.

An examination of Wilson's Criminal Forms, 4th Edition, and White's Penal Code will reveal that much more particularity is necessary in charging conspiracy to swindle than was resorted to in the indictment in the instant case.

The judgment of the trial court is reversed and the prosecution under the present indictment ordered dismissed.

*Reversed and dismissed.*