(118 So. 233)

### SEALEY v. STATE.  (3 Div. 862.)

Supreme Court of Alabama.  Oct. 4, 1928.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BROWN, J.  The petitioner was tried under an indictment charging that he "falsely pretended to G. F. Wingard, with intent to defraud, that he had $69 in the Bank of Ramer, Alabama, and by means of such false pretenses obtained from the said G. F. Wingard five head of cattle of the value of $69."

The finding of fact by the Court of Appeals that the evidence adduced on the trial tended to sustain the charge and warranted a finding by the jury that the petitioner was guilty, is conclusive on this review, that the evidence was sufficient to sustain the verdict, and the ruling of the Court of Appeals touching the motion for new trial, in so far as it involved this finding of fact, under our decisions, is not subject to review.  Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte Towles, re Cleveland, v. Towles, 213 Ala. 129, 106 So. 60; Thomasson v. State, 215 Ala. 315, 110 So. 564.

Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7, cited by petitioner, is inapt as an authority here.  That was a proceeding under the Workmen's Compensation Law in which the statute as construed authorizes a bill of exceptions in which the evidence is presented to this court on its own record.  Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458.

The statement of fact in the opinion of the Court of Appeals, that "he *represented to said Wingard that he had that amount in the Bank of Ramer,* and gave him a check upon said bank for the sum of $69.  The undisputed evidence is that he did not have the money in the Bank of Ramer as he pretended to Wingard, and as a result the check was dishonored and has never been paid.  Wingard never received the money or (nor) did he get his cattle back," clearly shows that this charge is not predicated on the mere symbol or token involved in the giving of the check, but upon a previous or contemporaneous representation or statement to Wingard that he had the money in the bank sufficient to meet the check.  This representation, and the guilty knowledge that it was false, constitute the controlling element of the offense.

The fact, therefore, that the defendant gave checks to different people, to whom or when does not appear, which were not honored by the bank, was without legitimate tendency to prove that the particular representation here involved was fraudulently made with guilty intent.

We are not unmindful of the fact that the issuance of a check on a bank, without explanation to the contrary, may in itself constitute a false pretense, token, or symbol that the person issuing it has money in the bank sufficient to pay it.  Eaton v. State, 16 Ala. App. 405, 78 So. 321.  But here it was not shown that the checks "given to different

168

people which were not honored by the bank" were given without explanation and fraudulently to obtain property.

As was aptly said in Gassenheimer v. State, 52 Ala. 313, 319:

"The evidence doubtless alarmed the suspicions of the jury, and inclined them the more readily to believe in the guilt of the defendants, and the less inclined to listen to whatever was offered or said in their defense; but no legitimate inference of knowledge that this particular cotton had been stolen could be based on it. It was not shown [that] the cotton carried there on other nights had been stolen; and must the jury leap to the conclusion it had been, and having made that leap, take the further, that because that had been stolen the defendants must have known this cotton also was stolen? Rumors and suspicions may be born of such facts, and depend on such inferences, but not the verdict of a jury which is to stamp dishonor and guilt on the citizen. This must rest on a more substantial basis. The law of the land has a higher logic of humanity than to found its judgments on such facts, and the vague inferences which unreasoning suspicion would draw from them."

We are therefore of opinion that the evidence elicited by the solicitor's question to the witness Cowles, "I will ask you if he did not give checks to different people which were not honored by the bank?" and answered in the affirmative, is not brought within any of the exceptions to the general rule which excludes evidence of other criminal acts on the trial of a particular criminal issue, and that the Court of Appeals fell into error in so holding. Gassenheimer v. State, supra; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; McDonald v. State, 83 Ala. 46, 3 So. 305; Stanley v. State, 88 Ala. 154, 7 So. 273; Brown v. State, 15 Ala. App. 180, 72 So. 757; Dennison v. State, 17 Ala. App. 674, 88 So. 211.

For this error the judgment of the Court of Appeals will be reversed and the cause remanded for further consideration.

The writ of certiorari is granted.

All the Justices concur, except SAYRE, J., not sitting.