(136 So. 491)

## CARPENTER v. STATE.

### 8 Div. 334.

Court of Appeals of Alabama.
Aug. 4, 1931.

Travis Williams, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was charged by indictment with the offense denounced by section 4131 of the Code 1923, which reads: "Any person, who, by false pretense or token, and with the intent to injure or defraud, obtains from another any money or other personal property, must on conviction, be punished, as if he had stolen it."

The indictment follows substantially form 58 and was sufficient. The demurrers thereto were properly overruled.

By the several rulings of the court upon the admission of evidence to which due exceptions were reserved, we are inclined to the opinion that the lower court tried this case as for a violation of section 4158 of the Code 1923, as amended by the Acts of 1927, p. 286; that is to say, for the offense of "giving check or draft when funds insufficient to cover." The oral charge dealt only with the measure of proof in a general way which would be applicable in all criminal cases. No instructions were given the jury as to what constituted the particular offense charged, and no attempt was therein made to define the essential ingredients of the offense. Realizing this lack of proper instruction as to the constituent elements of the offense in point, the defendant requested charge 2, to cover, in point, this discrepancy. The charge should have been given, for if in good faith and with no intent to defraud the defendant made the statement he had sufficient funds in the bank to cover said check and it afterwards developed that he was mistaken and the amount to his credit lacked a little of meeting said check, there could be no conviction upon this charge. Hope v. State, 5 Ala. App. 123, 127, 59 So. 326. In other words, under a charge of this character, an intent to injure or defraud must be alleged, and proven upon the trial. Mack v. State, 63 Ala. 138. In O'Connor v. State, 30 Ala. 9, the Supreme Court said: "To make out the statutory offense of obtaining goods by false pretenses, it is not enough to prove that

the pretense was false, and that the prisoner thereby obtained the property; but, in addition thereto, the fraudulent intent at the time must be proved."

The several exceptions to the court's rulings upon the admission of evidence were well taken.

We are of the opinion also that the court erred to a reversal in overruling defendant's motion for a new trial.

Reversed and remanded.