31 So.2d 662
### WHATLEY v. STATE.
### 4 Div. 977.

Court of Appeals of Alabama.
April 15, 1947.

Rehearing Denied May 6, 1947.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

E. W. Norton, of Clayton, for appellant.

HARWOOD, Judge.

This appellant was by a jury found guilty of the offense of obtaining property by false pretense. The indictment contained two counts, the first charging that he did falsely pretend to B. I. Jackson, with intent to defraud, that a certain check set out in the indictment would be honored when paid, upon due presentation to the drawee, "the appellant at .the time having no bona fide belief that such check would be paid upon presentation" to the drawee, and by means of such check obtained three hundred dollars from said Jackson.

The second count is in all respects similar to the first except that it charges that . the check was presented, etc., to Jackson, as Manager of the Clio Merchants Exchange, an organization doing business as a bank.

Appellant demurred to the indictment, and one of the grounds assigned in support of the demurrer was that neither count

stated any offense under the laws of this state.

Appellant's counsel argues that the phrase the appellant "at the time having no belief that such check would be honored or paid, upon due presentation," is not the equivalent of stating that appellant knew, or had reason to know that the check would not be paid.

Examination of the counts of this indictment shows that they substantially follow the code form prescribed for this offense (Form 60, Section 259, Title 15, Code of Alabama 1940), and state all the essential charging parts contained in such code form of indictment. It was not essential under such form indictment to state that appellant knew, or had reason to know that the check would not be honored on presentation. The phrase was therefore surplusage, and the indictment otherwise substantially following the form prescribed in the code section, supra, was not demurrable. Carpenter v. State, 24 Ala.App. 468, 136 So. 491; Foxx v. State, 26 Ala.App. 146, 154 So. 912; Gardner v. State, 4 Ala. App. 131, 58 So. 1001.

F. B. Pierce and the appellant in this case entered into a contract on 22 September 1945 pertaining to the construction of a house for Pierce by appellant. According to the contract "the agreed price for completed job is $2200.00, of which $300.00 is being paid this date and $800.00 (eight hundred) to be paid when all material is delivered on said lot, the balance of the amount to be paid when job is completed."

On that same day Pierce gave the appellant a check for $300, drawn on the Clayton Banking Company, Clayton, Alabama, and payable to the appellant, Grady Whatley. Indorsed on the face of the check was the following "Down payment on building house as per contract."

At the trial below Pierce testified that at the time he delivered the check to appellant the appellant agreed not to cash the check until Pierce was satisfied that $300 worth of work had been done toward building the house, that the check would be turned into "the company" as Troy and held with the contract until Pierce was satisfied, and then it would be presented for payment. The appellant denied any such agreement.

On the day he received the check the appellant took it to the Clio Merchants Exchange, at Clio, Alabama, where it was cashed by B. I. Jackson, Manager of said Exchange.

The contract and check were executed, and the check was cashed on Saturday.

On the following Monday Pierce notified the Clayton Banking Company not to cash the check when presented, and payment was refused when the check was presented by the Clio Merchants Exchange.

Mr. Jackson, the Manager of the Clio Merchants Exchange, testified that he had cashed the check when it was presented to him by the appellant and that he had never been repaid the $300 he gave appellant on the check.

Section 6(2) of Title 39, Code of Alabama 1940 provides as follows:

"An unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with: * * *.

"(2) a statement of the transaction which gives rise to the instrument."

A statement on the face of an instrument, if otherwise negotiable, that it is given "as per contract," does not impair its negotiable quality. The statement on the check in this case was nothing more than a reference to the transaction which gave rise to the instrument, and in no way imperiled Jackson's status as a holder in due course. Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A.L.R. 1121; Culbreath v. Guiterman, Rosenfield & Co., 217 Ala. 259, 115 So. 303.

As stated in Young v. State, 155 Ala. 145, 46 So. 580, 581, "'A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value.' 3 Words & Phrases, p. 2662; Commonwealth v. Drew, 36 Mass. 179; Beasely's case, 59 Ala. 20; Thomas' case, 90 Ga. 437, 16 S.E. 94. And if a person should fraudulently represent a fact to be true, knowing at the time

that it is not true, and resorts to the fraudulent representation to obtain money from another, and does so obtain it, he would be guilty of 'defrauding' another by 'deceitful means,' and we do not doubt he would be guilty of obtaining money under false pretenses."

The jury having so found, we must conclude that this appellant received Pierce's check with the conditions attached by Pierce as to its negotiation. On its face it was a negotiable instrument. This appellant however knew of its conditional character. With knowledge of such conditional character he presented it to Jackson as a negotiable instrument, absolute and unconditional as indeed it was as to Jackson, the bona fide holder. As to appellant, with notice of its limitations, it did not have such character.

In Eaton v. State, 16 Ala.App. 405, 78 So. 321, 322, this court determined that:

"The giving of the check, if given without an explanation to the ·contrary, was in and of itself a representation, a symbol, or token that the defendant had money on deposit in the bank on which the check was drawn, and if the check was given with the intent to deceive the seller of goods in this case, and he was thereby induced to part with the title to his property, and the symbol or token was false, and the seller was thereby deceived, the defendant was guilty."

See also Elliott v. Caheen Bros., 228 Ala. 432, 153 So. 613.

Analogically it follows that when this appellant presented Pierce's check to Jackson, without any explanation as to its conditional character, it was a representation that the check was, as to this appellant, unconditionally negotiable.

Under the facts of this case it is our opinion that the check presented by appellant, appearing on its face to be a negotiable instrument, but as to this appellant actually given conditionally, was a false token. The jury by its verdict has determined the presence of the other elements essential to the crime of false pretense, as it had the right to do. We find no cause to disturb the judgment of conviction.

Affirmed.